(No. 36026.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES ERNEST SMITH, Plaintiff in Error.

*Opinion filed March 23, 1962.*

JAMES E. LA ROCQUE, of Chicago, appointed by the court, (CHARLES R. PURCELL, JR., and MORGAN, HALLIGAN & LANOFF, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER, and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

Defendant was indicted for the murder of William Bradley Garth. He was tried by a jury and found guilty of manslaughter. A new trial was granted. Upon the second trial by jury, he was convicted of involuntary manslaughter and sentenced to the penitentiary for a term of from 7 to 10 years. His sole contention on this writ of error is that he was deprived of a fair trial by improper argument to the jury.

The allegedly improper and prejudicial statements in the argument of the prosecution fall into two categories. The first concerns references in the prosecution's argument to an illicit affair between the defendant and the wife of the

deceased. While there was some dispute in the testimony, there was evidence properly in the record to the effect that the deceased's wife was in defendant's apartment at the time of the shooting, had been there since early the day before, and had stayed all night with defendant. A fair inference from this and other evidence was that there was an illicit affair between the two. It is not improper for a prosecuting attorney to reflect unfavorably upon the defendant if his remarks are based upon evidence properly in the record. (*People* v. *Miller*, 13 Ill.2d 84; *People* v. *Moore*, 9 Ill.2d 224; *People* v. *Stephens*, 6 Ill.2d 257.) The statements of the prosecuting attorney which are complained of were inferences based upon competent evidence in the record and did not transcend the limits of proper argument.

The second category of allegedly prejudicial remarks occurred when, in response to arguments by the defense counsel as to the failure of the People to call Marie Garth, wife of the deceased, as a witness, the prosecutor remarked that either side has a right to call witnesses, but that the side calling a witness vouches for her veracity, and that the prosecution could not put on a witness it thought was involved in an adulterous relationship at the time of the killing of her husband. A review of the record reveals that this argument was provoked, if not actually invited, by remarks of the defense counsel concerning the failure of the People to call the person in question as a witness. Under the circumstances, it was a natural and proper response to the argument of defense counsel and was not prejudicial error. *People* v. *Izzo*, 14 Ill.2d 203; *People* v. *Wheeler*, 5 Ill.2d 474.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*