People of the State of Illinois, Plaintiff-Appellee, v. Eugene Akins, Defendant-Appellant.

Gen. No. 51,798.

First District, Fourth Division.

July 17, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Daniel W. Weil, and James

Haddad, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

On July 27, 1966, defendant was convicted of the crime of armed robbery after a jury trial and was sentenced to the penitentiary for a term of not less than ten nor more than twenty years. On appeal he contends (1) that evidence of other criminal activity should not have been admitted and (2) that the closing argument of the prosecution was prejudicial.

One of the complaining witnesses, Grover Cleveland, testified that on May 21, 1966, at 5:45 a. m. he and Robert Anderson were watching a fire at 43rd Street and South Park Avenue; that defendant drove up in a 1959 Cadillac in the company of a girl and told him that he wished to show the witness something, that he had seen defendant in the place where he (the witness) worked; that he called over his companion Anderson; that defendant told them to get in the car and after driving a very short distance drew a gun and told them that this was "a stickup." Cleveland testified further that defendant made them get out and stand with their hands on top of the car, that he robbed them and hit each of them over the head with his gun. He said that Anderson hailed a passing car in order to trail defendant and that he called the police who arrived shortly and captured defendant.

Robert Anderson, an off-duty policeman, substantiated Cleveland's testimony that defendant robbed them at 5:45 a. m. and that they followed defendant until the police captured him, adding that the 1959 Cadillac automobile driven by defendant was blue.

Officer Jack F. Porche, who was one of the arresting officers, testified that defendant was pointed out to him by Grover Cleveland; that defendant tried to flee

but was arrested at 4551 St. Lawrence Avenue; that a blue 1959 Cadillac was taken into custody; that a gun identified by Cleveland, Anderson and A. J. Holloway as the one used by defendant was recovered thirty feet from where defendant was captured; and that the gun had been fired.

Defendant testified that on the morning of May 21, 1966, he had been "socializing" at the Ritz Bowling Alley; that he had called his girl friend Shirley Crockett and arranged to see her at her apartment at 4537 St. Lawrence Avenue; that he arrived at her apartment at 3:45 a. m.; that he knocked on her window but she did not come to the window; that he knew she was there thirty minutes before he went over as he had called her; and that upon leaving about three minutes later, he was arrested. He said that he was taken to the hospital to have a cut and a bruise treated and that at 5:45 a. m., the time of the alleged robbery, he was in jail.

Defendant's first contention is that he was prejudiced by evidence relating to another criminal activity. A. J. Holloway testified that at five-thirty on the morning in question defendant approached him in a blue 1959 Cadillac at 218 East 51st Street accompanied by a girl; that defendant asked him for a dime and when this request was refused, forced him into the car at gunpoint; that he was driven into an alley and robbed by defendant and that during the course of the robbery defendant fired a shot. He said that defendant then made him get out of the car and drove off.

■■ Defendant does not disagree with the general rule that evidence of other crimes is inadmissible unless it tends to establish identity, intent, motive or a common scheme or design. He argues, however, that the evidence relating to the Holloway robbery should have been governed by the general exclusionary rule rather than any of the exceptions. In People v. Tranowski, 20 Ill2d 11, 169 NE2d 347, the defendant was tried for robbery.

The complaining witness said that he was robbed by a man wearing a dark coat and carrying a shiny gun who approached him and demanded his money. In affirming the judgment, the Supreme Court stated that evidence of other robberies in which defendant was identified as the man who approached people on the street at approximately the same time, in a similar manner, in the same general vicinity as the robbery in question and in which defendant wore a dark coat and carried a shiny gun was admissible. The court said at page 16 that:

> . . . this evidence served to place defendant in the area at the correct time and establish a scheme or design which was strikingly similar to the offense charged in the indictment.

Defendant urges that in People v. Fuerback, 66 Ill App 2d 452, 214 NE2d 330, the court reversed a conviction on the ground that evidence of another crime in refutation of an alibi was prejudicial. In that case the court pointed out that the exceptions to the general rule were not pertinent. The only purpose of introducing the evidence of another crime in that case was to rebut the alibi and not to establish identity, intent, motive, or a common scheme or design. In the instant case the evidence was properly admitted as exception to the general exclusionary rule.

■ Defendant's second contention is that he was prejudiced by statements made in the prosecution's closing argument to the jury. The prosecutor said that defendant had the right to subpoena his girl friend to testify that he did pound on her window and to establish the exact hour at which he came to her house. Defendant cites People v. Smith, 74 Ill App2d 458, 221 NE2d 68, in which we found that a similar argument to the jury was prejudicial. However, in that case the remarks of the prosecutor were made sua sponte. In the instant case the

statement of the prosecutor was in response to an argument made previously by defense counsel that the prosecution should have produced witnesses to rebut defendant's alibi. In People v. Smith, 24 Ill2d 198, 181 NE2d 77, the Supreme Court held that if the argument was provoked or actually invited by remarks of the defense counsel concerning the failure of the People to call the person in question as a witness, it was a "natural and proper response to the argument of defense counsel and was not prejudicial error," citing People v. Izzo, 14 Ill2d 203, 151 NE2d 329, and People v. Wheeler, 5 Ill2d 474, 126 NE2d 228. Defendant complains of other prejudicial arguments but no objections were made and we find them to be innocuous.

The judgment of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.