**People of the State of Illinois, Plaintiff-Appellee, v. Evan Minnie Mwathery and Frances Gaines, Defendants-Appellants.**

Gen. Nos. 51,951, 51,956. (Consolidated.)

First District, Third Division.

December 5, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Theodore A. Gottfried and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John M. Goldberg, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Frances Gaines and Evan Mwathery were indicted for the crime of murder. The defendants pleaded not guilty and, after a jury trial, both defendants were found guilty of murder. Each defendant was sentenced to the penitentiary for a term of 50 to 75 years.

The defendants contend on appeal that improper comments by the State's Attorney deprived the defendants of a fair trial; the State's Attorney committed prejudicial error when he made reference to a statement he had agreed not to introduce; and reversible error occurred when the prosecutor turned over grand jury testimony and police reports in front of the jury.

The pertinent facts are these: On February 14, 1966, at 6:00 p. m., Robert Lee Perry was in his apartment located at 6107 South Laflin Street, Chicago, Illinois, when he heard Cleo Gaines calling for help. Perry went out of his apartment and saw Cleo Gaines lying across his apartment door. Gaines died shortly after Perry arrived. Perry then called the police. After the police arrived, Perry received a call from Frances Gaines, one of the defendants, and when she learned that her husband was dead, she asked if someone would come and get her. A doctor testified that Cleo Gaines died as a result of six stab wounds. Earl Dixon testified that in January of 1966, defendant Gaines was living with the defendant Mwathery, and Mwathery had told him that he and Frances Gaines intended to get married and go to Michi-

gan to live. Walter Jefferson, a witness for the State, testified that he was indicted with the two defendants in this case. About three weeks before the death of Cleo Gaines, Jefferson had a conversation with Frances Gaines. She told him she was broke and that "her husband had some insurance money she would like to get hold of." About three weeks later, Frances Gaines asked him if he would like to make $1,000 by accompanying her lover, defendant Mwathery, when he went to kill her husband. Jefferson agreed and accompanied Mwathery to Cleo Gaines' apartment where Mwathery stabbed Gaines several times.

The defendants first contend that improper comments by the State's Attorney deprived the defendants of a fair trial. The defendant Mwathery was represented by an Assistant Public Defender and the defendant Gaines was represented by private counsel in the trial court. During the testimony of the State's accomplice witness Walter Jefferson, the State's Attorney on redirect examination asked the following questions, which were answered in the following manner:

"Q. Now you had a conversation with Mr. Wexler (Assistant Public Defender) on June 8th, is that right?
"A. Yes I think so.
"Q. And the conversation to which he referred in his cross-examination, do you recall that?
"A. Yes, sir.
"Q. Now as a matter of fact, at that time Mr. Wexler told you to keep your mouth shut.
"Mr. Wexler: Objection Your Honor. Objection.
"The Court: Objection sustained."

■ ■ Defense counsel then moved for a mistrial, which the court denied. The defendants argue that the question put to the witness by the State's Attorney was highly prejudicial in that it gave the jury the impression

that the Assistant Public Defender was attempting to obstruct justice by hiding evidence. The ruling by the trial court was error but not of such magnitude as to constitute reversible error.

During the closing argument to the jury the State's Attorney made the following remarks:

> "Now, Mr. Wexler told you ladies and gentlemen that he is an Assistant Public Defender and that as an Assistant Public Defender he gets paid a salary to do a job in this court room and personally what motive would he have for fabricating anything in this case and since Mr. Wexler went into it I say this to you ladies and gentlemen, Mr. Goldstein is not a Public Defender and Mr. Goldstein represents an individual before this court and, as a matter of fact, it is not unusual for a Public Defender to reasonably expect to share in the proceeds . . . ."

The defense counsel objected before the sentence was finished and the trial judge together with the State's Attorney, the Assistant Public Defender and Mr. Goldstein, who represented the defendant Gaines, retired to the judge's chambers. The attorneys for the defendants then made a motion for a mistrial, which was denied. The court advised the jury that the objection to the State's Attorney's remark had been sustained and also stated that there was no evidence in the record to warrant such remarks and the jury was instructed to disregard them.

■■ There was nothing in the testimony that would have warranted the State's Attorney to make the charge that it is not unusual for a Public Defender to reasonably expect to share in the proceeds of anything other than his salary as compensation for his services in representing an indigent defendant. Evidence had been introduced in this case regarding insurance money. The jury could well have understood from the statements of the State's Attorney that the Public Defender was expecting to share

118

in the proceeds of the insurance if his client was found not guilty, and we believe that that statement to the jury, which had no evidentiary basis, was highly prejudicial to both defendants in this case. In People v. Glickman, 27 Ill App2d 379, 385, 169 NE2d 815, the Court said:

> "The general principle which emerges from the cases is that counsel may not 'do or say anything in argument the only effect of which will be to inflame the passion or arouse the prejudice of the jury against the defendant without throwing any light on the question for decision.' People v. Dukes, 12 Ill2d 334, 342–3, 146 NE2d 14."

The Supreme Court has held that statements of counsel in argument based upon facts and circumstances proved, and upon legitimate inferences therefrom, do not exceed the bounds of proper debate and are not to be discountenanced by the courts. (People v. Miller, 13 Ill2d 84, 148 NE2d 455.) In People v. Polenik, 407 Ill 337, 95 NE2d 414, the court said:

> "In his argument to the jury the State's Attorney made repeated references to criminal lawyers in a manner calculated to arouse general prejudices. He announced to the jury 'Are you going to allow this defendant to go back to the county jail and tell the other inmates he had a lawyer that hoodwinked the jury into saving his life? . . . We know the pattern of these defenses; we know how they follow. These defendants don't think up these defenses. Defense lawyers, who practice criminal law day in and day out, they are the ones that concoct these defenses, and we know what they are going to be the first day we arrest a man. . . . We have to go to great lengths to protect the State, to protect the people against the wiles and cunning of the defense lawyers in the Criminal Court. . . . If he can beat the chair in

this case, all the boys in the county jail will all say he is a great lawyer, and will all hire him, so he will be very busy, that is all.' Such argument cannot possibly aid the jury in weighing or evaluating the evidence, but tends only to arouse its antagonism against defendant and his attorney."

The statement made by the State's Attorney could not possibly aid the jury in weighing or evaluating the evidence and could have tended only to arouse antagonism against the defendants. Notwithstanding the fact that the judge sustained the objection to the remarks by the State's Attorney and instructed the jury to disregard them, the defendants suffered irreparable harm.

A defendant guilty or innocent is entitled to a fair, orderly and impartial trial in accordance with the law of the land. (People v. Galloway, 7 Ill2d 527, 131 NE2d 474.) The law requires that persons accused of crime be given a fair trial regardless of their guilt or innocence. People v. Savage, 358 Ill 518, 193 NE 470.

The State attempts to justify these remarks and contends that remarks made by the Assistant Public Defender during his argument to the jury provoked the statement made by the State's Attorney. The Assistant Public Defender told the jury that he was employed as an Assistant Public Defender by Cook County and no matter what the verdict in the instant case was, that he would be there defending other persons charged with crime after this case was completed. He further asked the jury whether "they would think that for his salary he was going to enter into any kind of a deal to get people off." There had been constant bickering between the State's Attorney and defense counsel during this entire trial and the State's Attorney had accused the Assistant Public Defender of trickery, which was countered by charges of the Assistant Public Defender against the State's Attorney to the same effect. The argument to the jury by

the Assistant Public Defender, which the State contends provoked the remarks complained of by the defendants, does not give justification to the State's Attorney to make charges not based upon any evidence in the record against the Assistant Public Defender, and which could be calculated only to prejudice the rights of the defendants. Had the statements by the State's Attorney constituted inferences based upon competent evidence in the record, they would not have transcended the limits of proper argument. People v. Smith, 24 Ill2d 198, 181 NE2d 77.

The defendant, prior to trial, made a motion to suppress a statement of Frances Gaines and a motion for a severance. At the hearing the State's Attorney advised the court and both defense counsel that the statement of Frances Gaines would not be used for any purpose whatsoever. Frances Gaines thereupon withdrew her motion to suppress and the motion for severance was denied. During the redirect examination of the State's accomplice witness, the State's Attorney asked:

"Q. Will you tell this court and jury the reason that you gave a confession to the police?
"A. After I had been in the police station about half an hour or forty-five minutes they showed me a statement that was already signed by Frances Gaines."

Objection was made by both defense counsel and the motions for mistrial were denied.

In closing argument, the State's Attorney referred to the statement of Frances Gaines when he said:

"Why did Walter Jefferson testify? He stated from the stand because the statement had been given by Frances Gaines."

It is argued that the jury was made aware that the defendant Frances Gaines had given a signed statement to

the police. A motion to suppress had been withdrawn on the promise of the State's Attorney that the statement would not be introduced for any purpose whatsoever. In People v. Dukes, 12 Ill2d 334, 146 NE2d 14, in commenting on an inference made by the State's Attorney to the defendant's crime record, the Supreme Court said, at page 342:

> "In a sense it was more damaging than proof of other specific criminal offenses because it left the jury to speculate upon the insinuation that the defendant had a prior record without stating what it was."

■ The State argues that the reference made to the statement by the witness was not a breach of the prosecutor's agreement because the prosecutor made no effort to put the contents of the statement before the jury. The State also argues that the reference to the statement was not prejudicial. The State further argues that since the existence of the statement was in the record, the passing reference to the statement by the prosecutor is well within the proper scope of closing argument. The defendants were prejudiced by the question of the prosecutor and the answer of the witness, as well as by the reference made to the statement in the State's argument to the jury. The jury no doubt believed that the statement contained a confession by one of the defendants and might have even concluded that both defendants were implicated in the statement given by the defendant Gaines. The State cites the case of People v. Allen, 73 Ill App2d 256, 219 NE2d 653, in support of its argument that since the existence of the statement was in the record, the passing reference to it by the prosecutor was well within the proper scope of closing argument. However, this constituted a violation of the agreement made by the prosecutor at the time the motion to suppress the statement was about to be heard by the court, and the statement to the jury was not justified under those cases which hold

that the State may comment on facts in evidence and may draw reasonable inferences from those facts. This error alone might not have constituted reversible error, but together with the charges made against the Assistant Public Defender in argument to the jury is sufficient to require reversal and remandment.

Since we conclude that this case must be reversed and remanded because of error committed by the prosecutor as a result of which both defendants were prejudiced in the eyes of the jury, we think it unnecessary to discuss the final point raised by the defendants as it will not likely occur on retrial.

Reversed and remanded.

DEMPSEY, P. J. and SCHWARTZ, J., concur.