THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH BRADLEY, Defendant-Appellant.

(No. 54448;

First District—December 9, 1971.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged with unlawful possession of heroin. The jury found him guilty of that charge and the court imposed a sentence of two years to two years and a day. On appeal defendant raises seven points: the trial court improperly permitted the State to impeach him by means of his testimony at the hearing on a motion to suppress evidence; the court erred in failing to state the findings of fact and conclusions of law upon which its denial of defendant's motion to suppress was based;

the court committed reversible error in allowing the State to introduce certain prejudicial testimony; comments of the prosecutor during closing argument were improper and require reversal; the court erred in allowing the State to introduce defendant's prior criminal conviction into evidence; the jury was not instructed properly; and finally, he was not proved guilty beyond a reasonable doubt.

Two members of the Vice Unit of the Chicago Police Department, while patrolling the area in an umbrella car, stepped into a restaurant on East 43rd Street. Officer Ray testified at trial that he approached the restaurant counter while his partner Officer Bonds proceeded to the rear of the restaurant. Defendant was standing at the counter and Ray saw him drop a plastic bag to the floor. Ray picked up the bag which contained four tinfoil packets, saw that the packets contained a white powder, and placed defendant under arrest.

According to defendant's testimony at trial, the police entered the restaurant and started to search everyone. After searching several other persons, the officer arrested him without making a search. Defendant denied having any heroin in his possession and denied that he dropped a plastic bag. During his testimony, the State introduced the record of his prior robbery conviction in order to impeach defendant's credibility.

Prior to trial, the court held a hearing on defendant's motion to suppress the evidence. The testimony adduced at that hearing was substantially the same as that presented at trial. The trial judge denied the motion without making specific findings of fact and conclusions of law.

■■ Relying on *Simmons v. United States*, 390 U.S. 377, defendant initially contends that the court improperly permitted the State to impeach defendant at trial by means of his testimony at the hearing on his motion to suppress the evidence. However, the instant case is completely distinguishable from Simmons. In that case, at the hearing on his motion to suppress certain property seized, defendant testified that he was the owner of that property. The court held that, by permitting the testimony of defendant as to ownership to be used against him at trial, he was forced to forego his 5th Amendment privilege against self-incrimination in order to maintain his 4th Amendment right to suppress illegally seized evidence. In the case at bar, defendant faced no such dilemma. He did not testify as to facts which were of themselves incriminating. The State merely impeached his credibility by showing that his testimony at trial concerning police actions at the time of the arrest differed from his testimony at the hearing on the motion to suppress. Such impeachment was proper, and the court, therefore, did not err.

■■ Defendant also contends that the trial judge, contrary to statute,

Ill. Rev. Stat. 1967, ch. 38, par. 114—12(e), failed to state the findings of fact and conclusions of law upon which the order denying the motion to suppress the evidence was based. Where the credibility of the witnesses at a hearing on the motion to suppress is not in issue, the judge may deny the motion without expressly making findings. (*People v. Holloman*, 46 Ill.2d 311, 263 N.E.2d 7.) In the instant case, defendant made a motion to suppress the narcotics on the grounds that they were seized as a result of an illegal search of his person. At the hearing, defendant testified that he had not been searched by the police officers. The officer also testified that there had been no search of defendant. The prosecutor called this testimony to the court's attention, and the judge denied the motion. Under the circumstances, it was not necessary that the judge make any findings of fact or conclusions of law.

■■ Defendant next argues that certain testimony elicited by the State was prejudicial and thereby requires reversal. The police officer was asked what his assignment was on the day in question. He replied that he was patrolling in areas where narcotic addicts and peddlers were known to frequent. We believe that the testimony as to his assignment was properly introduced. However, even if admitted erroneously, it constituted harmless error and could not be considered sufficiently prejudicial to require reversal.

■■ Defendant also claims that the court permitted the State, in closing argument, to draw adverse inferences from defendant's failure to call certain witnesses. This contention is based on a misapprehension of the record. In his closing argument, defense counsel raised the issue with reference to the State's failure to call as witnesses other persons who were in the restaurant at the time of the arrest. The prosecutor in rebuttal did not raise any adverse inferences or attempt to shift the burden of calling the witnesses to defendant. Rather, he referred to defendant's argument and then pointed out to the jury that Officer Ray had testified that no one else in the restaurant could have seen defendant drop the plastic bag. The response on the part of the prosecutor was proper. Where the State is responding to a defense argument concerning the absence of occurrence witnesses, there is no error. *People v. Smith*, 24 Ill.2d 198, 181 N.E.2d 77.

■■ Defendant further contends that the court erred in permitting the State to introduce evidence of his prior robbery conviction for the purpose of impeachment. If a defendant takes the witness stand, his credibility may be impeached by proof of a prior conviction for an infamous crime. (*People v. Kirkpatrick*, 413 Ill. 595, 110 N.E.2d 519.) Robbery is an infamous crime. (Ill. Rev. Stat., ch. 38, par. 124—1.) Recently our

Supreme Court hase decided that evidence of a prior conviction should not be admitted for purposes of impeachment in a subsequent trial if a period of more than 10 years has elapsed since the date of conviction or of the release of the witness from confinement, whichever is the later date. (*People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695.) In the case at bar, defendant's prior conviction for robbery occurred less than 4 years prior to the instant trial. The court did not abuse its discretion in permitting the State to introduce it into evidence for the purpose of impeachment.

■■ Defendant also maintains that the jury was not instructed as to the elements of the offense charged. The record as originally filed in this court did not indicate that such an instruction had been given to the jury. However, without objection by defendant, the State has filed a supplemental record which reveals that an instruction setting forth the elements of the crime of unlawful possession of narcotic drugs was given to the jury. We therefore hold that the jury was properly instructed.

■■ Defendant finally contends that he was not proved guilty beyond a reasonable doubt. The testimony of one credible witness alone, if positive, is sufficient to convict even where the testimony is contradicted by the accused. *People v. Williams*, 87 Ill.App.2d 338, 231 N.E.2d 646.

■■ At trial, Officer Ray testified that he saw defendant drop a bag which subsequently was found to be heroin. Defendant took the stand and denied that he had any narcotics in his possession. The triers of fact, as they were entitled to do, determined that the testimony of the police officer was credible and rejected that of defendant. We believe that there was ample support for such a determination by the jury.

Defendant also challenges the sufficiency of the proof on the ground that an adverse inference should have been drawn against the State by virtue of Officer Bonds' failure to testify. This argument overlooks the State's explanation at trial that the witness was not present because he was away on furlough. Moreover, Ray testified that neither Bonds nor any other witness could have seen defendant drop the narcotics. We find that defendant was proved guilty beyond a reasonable doubt.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.