THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD E. CORDER, Defendant-Appellant.

Third District   No. 76-469

Opinion filed November 3, 1977.

Robert Agostinelli and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal by the defendant, Richard E. Corder, from his conviction of the unlawful possession of less than 30 grams of a substance containing heroin in violation of section 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b)). Following the jury's return of a guilty verdict, the defendant was sentenced to a term of imprisonment for not less than 2½ nor more than 8 years.

The only issue presented by the defendant is whether the trial court erred by allowing the prosecutor, during rebuttal argument, to comment upon evidence which had been stricken and which the prosecutor asserted to be irrelevant. During the trial, the assistant State's Attorney, seeking to preserve the integrity of certain items of evidence contained in the same package as the heroin exhibit, requested a hearing outside the presence of the jury. At that time, the prosecutor did state that the other items, including a pistol found in the building wherein the defendant was arrested, were "not pertinent" to the charge being tried. However, previously, the police officer who apprehended the defendant testified, over a defense objection, that, in fleeing from the police, the defendant dropped something that appeared to be a gun.

Taking the stand on his own behalf, the defendant testified that he had been harassed and accosted previously on the night of his arrest by three assailants. Therefore, he explained, when the police entered the building, he saw a gun and ran. During rebuttal argument, the assistant State's Attorney tried to counter the defendant's testimony by arguing, over a defense objection, that, if the defendant actually thought he was being pursued by his former assailants, he would not have thrown the gun away.

■■ On appeal, the defendant does not specifically argue that the police officer's testimony was improperly admitted. However, the

defendant, by contending that any evidence of the defendant discarding the pistol is evidence of another crime, *i.e.*, unlawful use of a weapon, inferentially challenges the officer's testimony. Evidence of other offenses is generally not admissible except to prove a fact in issue, motive, intent, identity, absence of mistake or modus operandi. (*People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489.) Here the testimony that the defendant discarded a pistol tended to establish that he was aware his pursuers were police officers and to raise the inference that the defendant would also throw aside the packet of heroin, which was found on the landing of the stairs on which the defendant was apprehended. Therefore, we find the probative value of the testimony outweighed its prejudicial effect on the defendant.

■■ In closing argument, statements based on facts proved, and on legitimate inferences therefrom, do not exceed the bounds of proper debate. (*People v. Mwathery* (1st Dist. 1968), 103 Ill. App. 2d 114, 243 N.E.2d 429.) In this case, the fact that the defendant discarded something that appeared to be a gun was presented to the jury and was not refuted. From this fact, the jury could infer, and the prosecutor could argue, the defendant's mental state. As a result we find no error.

■■ Lastly, the defendant contends that because the assistant State's Attorney said the pistol, as an exhibit, was not pertinent that the State should be estopped from mentioning the pistol in closing argument. Even though the State may not utilize evidence it promised not to use, leading the defendant to abandon an opportunity to challenge the evidence (see *People v. Mwathery* (1st Dist. 1968), 103 Ill. App. 2d 114, 243 N.E.2d 429), that is not the situation in this case. The assistant State's Attorney's statement referred to the exhibits, and at the time of that statement, that the pistol was "not pertinent" to the case, the police officer's testimony had already been presented to the jury. A tactical decision of the prosecutor not to seek admittance of an exhibit is not a representation to the defendant that he will not utilize facts already before the jury.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STENGEL, P. J., and ALLOY, J., concur.