(No. 40967.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RONALD KIRKWOOD, Appellant.

*Opinion filed June 4, 1973.*

370

WARD, J., took no part.

BYRON P. FINEGAN, of Des Plaines, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and KENNETH L. GILLIS and PATRICIA BOBB, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Ronald Kirkwood, who was convicted by a jury in the circuit court of Cook County of the offense of armed robbery (Ill. Rev. Stat. 1965, ch. 38, par. 18—2) and sentenced to serve a term of three to ten years in the penitentiary, appeals directly to this court. The indictment upon which defendant was convicted charged that he, along with Ronald Ford and Joseph Montgomery, robbed Martin Marx, the proprietor of a camera shop, of money, cameras, tape recorders and a television set. A severance was ordered and defendant was tried alone.

As grounds for reversal defendant contends first that the circuit court erred in denying his motion to suppress certain evidence and in its ruling admitting into evidence the fruits of two illegal searches.

The record shows that in warrantless searches of the apartments of Joseph Montgomery, and his brother James, the police seized cameras and other personal property taken during the robbery. Defendant moved to suppress

the evidence thus seized, and objected, during the presentation of the People's case, to the introduction into evidence of photographs of these items. Defendant argues that both searches were made in violation of the fourth-amendment rights of the occupants of the apartments, and of his fourth-amendment rights, and the fruits of the search may not be admitted into evidence against him. The People contend that defendant had no standing to object to the validity of the searches.

We do not reach either the question of defendant's standing or the admissibility of the photographs for the reason that the record shows beyond a reasonable doubt that the errors, if any, in the rulings of the circuit court on these issues were harmless. (*Gilbèrt v. California, 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951; Chapman v. California, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.*) The record shows that nothing seized in either apartment led to the arrest or identification of the defendant. Defendant was identified by the positive and unequivocal testimony of Marx and Marshall Harris, who was present in the camera shop during the robbery, both of whom had ample opportunity to see, and later identify, him. Marx and other witnesses described the property taken in the robbery, its admission into evidence was not essential to the case, and under the circumstances it is apparent that the admission of the photographs could not in any manner have influenced the verdict.

Defendant's next contention stems from the testimony of Ric Ricardo and William Reckwerdt, who entered the camera shop during the robbery. They testified that when they entered the shop they were confronted by a man whom they identified as Joseph Montgomery, who ordered them into the rear of the shop and robbed them. Neither of them could identify the defendant. It is defendant's position that the admission into evidence of testimony concerning the robbery of these witnesses was reversible error.

The record shows that in describing the robbery both Marx and Harris testified that it was committed by three men whom they identified as defendant, Ronald Ford and Joseph Montgomery. Under these circumstances the testimony of Ricardo and Reckwerdt was admissible to show that Montgomery, whom they could identify as having robbed them, was present at the time and place at which Marx and Harris testified that he, along with defendant and Ford, had robbed Marx. The trial court did not err in admitting the testimony.

Finally defendant contends that certain comments made by the assistant State's Attorney during closing argument were so prejudicial as to deprive him of a fair trial. The assistant State's Attorney argued that there was a rising crime rate which the jury could help stop by putting its stamp of disapproval "on conduct such as this." The trial court sustained an objection to this line of argument, and in the context of the argument in its entirety, we do not find it to require reversal. The record shows that other allegedly improper argument of which defendant complains requires neither reversal nor further discussion.

We find no reversible error and the judgment is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.