THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRISON HAVENER, Defendant-Appellant.

(No. 11583;

Fourth District—August 1, 1973.

313

John F. McNichols, District Defender, of Springfield, (J. Daniel Stewart, Assistant Defender, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (James W. Jerz and Charles D. Sheehy, Jr., both of Model District State's Attorneys Office, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

The defendant was indicted for robbery, aggravated battery and theft. The jury found the defendant guilty of theft of property over $150 in value, but returned no verdicts on either the robbery or aggravated battery charge. On denial of probation, the defendant was sentenced to the penitentiary for a period of 6 to 10 years.

The defendant raises five issues: (1) can the jury verdict of guilty on the theft charge stand under the facts in the absence of a verdict on the robbery or aggravated battery charge; (2) was the defendant's guilt established beyond a reasonable doubt; (3) did the trial court err in admitting into evidence the defendant's 1961 conviction for robbery to impeach his credibility; (4) was the defendant deprived of a fair trial because in his closing argument the prosecutor stated to the jury that the defendant was 'a convicted robber that is trying to stay out of jail'; (5) is the defendant's sentence of 6 to 10 years excessive and improper because it violates the principles of indeterminacy. We affirm the conviction and reduce the sentence.

■■ The Unified Code of Corrections, Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1, et seq., became effective while this case was pending on appeal, and had not reached a final adjudication. Under such circumstances, the punishment provided under the new Code applies. (*People*

*v. Chupich,* 53 Ill.2d 572, 295 N.E.2d 1; *People v. Mize,* 9 Ill.App.3d 647, 292 N.E.2d 731.) Theft of property exceeding in value of $150 is a Class III felony, and under the Code, par. 1005—8—1, the minimum term shall be 1 year unless the court having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term, which shall not however be greater than one third of the maximum term set in the case by the court. The record on the defendant's application for probation indicates he was arrested in 1959 or 1960 in Los Angeles for burglary and by his own testimony escaped. In 1961, he was charged and convicted with armed robbery under an alias and received 3 years in the penitentiary. In 1964, he was extradicted to California for the escape previously noted and received 1 year in the county jail. Coupled with defendant's conduct and testimony in this case, we are constrained to hold that the trial court was justified in imposing more than the minimum, but that the Code of Criminal Corrections now applies and the sentence must be vacated and the cause remanded to the trial court for the imposition of proper sentence.

■■■ The defendant contends that the failure of the jury to return a verdict on the robbery charge and on the aggravated battery charge automatically acquits him of the theft charge and he should be discharged. The theory is the failure to return a verdict on the robbery and aggravated battery charge amounts to a not guilty verdict, and such a verdict is inconsistent with a guilty verdict on the theft charge. This argument is pretty well laid to rest in *People v. Hairston,* 46 Ill.2d 348, 263 N.E.2d 840, where the defendant was convicted of solicitation for murder but was found not guilty of attempted murder and murder. In that case, the Supreme Court said at p. 362: "Our courts have followed the view  *  *  *  that: 'In law there is no inconsistency in verdicts of acquittal and conviction upon charges of crimes composed of different elements, but arising out of the same state of facts.'" In *People v. Tolentino,* 68 Ill.App.2d 480, 216 N.E.2d 191, in facts somewhat similar to the case at bar, the court said: "Where the record contains evidence upon which a finding of theft may be made, the fact that the evidence would have justified the court in finding the defendant guilty of robbery is not a matter of which the defendant can complain. The record also would have justified a finding of guilt of theft from Logan." Likewise in the case at bar, the offense of theft would be completed upon the exerting of unauthorized control over the property of the victim with the intent to deprive him permanently of it without regard to whether the property had originally been taken by force from the person or presence of the owner, or whether great bodily harm had been done to the victim. The police officers testified that the wallet was in the defendant's car a half hour

or more after the circumstances upon which robbery and aggravated assault is based. The record is silent as to any justifiable possession by either him or his companion.

■■ The defendant also urges that under *People v. Montgomery*, 47 Ill. 2d 510, 268 N.E.2d 695, it was error to admit into evidence a 1961 robbery conviction for the purpose of impeachment. The defendant was released on this charge in 1964. It should be kept in mind that the defendant here was indicted for robbery, a similar offense and not found guilty. It likewise should be remembered that Rule 609 of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States to which our Supreme Court refers in *Montgomery* that such evidence is admissible "if the crime, (1) was punishable by * * * or imprisonment in excess of 1 year under the law under which he was convicted." The conviction here stated is clearly admissible under that provision of the Rule on the question of the defendant's credibility. It is likewise arguable that the jury believed this defendant on the issue of aggravated battery and robbery and it would thus seem that he is hard put to show that evidence of the prior conviction in truth affected his credibility or prejudiced him in any way.

■■ The defendant contends that the following statement made by the prosecutor in his final closing argument is prejudicial, to-wit: "But when all is said and done, you come down to this: Are you going to believe just Kidd and our police officers or are you going to believe a convicted robber that is trying to stay out of jail?" It is noted that this comment was restricted to credibility and was in reply to twice-mentioned reference by defense counsel in argument to the defendant's previous record. From it the defendant argued that if the defendant actually stole this wallet, his previous experience would have suggested that he toss it out the window instead of keeping it. The State's Attorney's argument was invited and was a proper and appropriate argument on this record.

The defendant, the victim (Jesse Kidd) and one Janice Germann, had been drinking at a Springfield tavern and before the closing hour Kidd agreed to go with Miss Germann to her apartment to have a drink. They left together about one o'clock A.M. and drove in Kidd's car to a driveway between a house and a trailer. As Kidd stepped out of his car, he was struck in the face and identified the defendant as his attacker. He then stated that the defendant and Miss Germann beat him up and took his wallet. He did not report the incident to the police until they contacted him about an hour later.

■■ In the interim, the police had arrested Mr. Havener and Miss Germann for a traffic offense and found Mr. Kidd's wallet in Miss Germann's hand. One officer testified that he saw the defendant hand the

wallet to her after their car had been stopped and they were standing outside the car. Another officer testified that he saw the wallet in Miss Germann's hand. The defendant denied that he and Miss Germann beat up Mr. Kidd and denied that he ever had Kidd's wallet. He also testified that he and Miss Germann left the tavern together after dropping off two other women who needed a ride to their home. They got into an argument and he started to take her back home. When the police officer took after him, he tried to elude him, but was unsuccessful. The witness' testimonial differences about clothing has been resolved by the jury and we could not with propriety disagree. The police officer noted blood on the defendant's clothing and on his hands. The defendant testified that Miss Germann had bitten his lip, although no mark on the lips was observed by the officer. We think this evidence establishes the defendant's guilt beyond a reasonable doubt and shows that the wallet was one belonging to Kidd, contained more than $160, was in the car with the defendant and Miss Germann at the time of the arrest, and since Kidd was nowhere around, it is quite apparent that the defendant and Miss Germann were knowingly exerting unauthorized control over Jesse Kidd's wallet and its contents, and intended to permanently deprive Jesse Kidd of the use of that property. There was neither testimony nor inference that Kidd had given them the wallet or that they took it jokingly or that they intended to return it to him—important circumstances which if supportable would, beyond argument, have been asserted.

■■ Accordingly, the judgment of the trial court is affirmed, the sentence is vacated and the cause is remanded to the trial court for the imposition of an appropriate sentence under the Unified Code of Corrections.

Judgment affirmed; cause remanded for appropriate sentence.

CRAVEN, P. J., and SIMKINS, J., concur.