(No. 45165.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. MOSE KILLEBREW, Appellant.

*Opinion filed October 1, 1973.*

BRUCE STRATTON, District Defender, Illinois Defender Project, of Ottawa (JAMES GEIS, Assistant District Defender, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD P. DROLET, State's Attorney, of Kankakee (JAMES B. ZAGEL and RAYMOND McKOSKI, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

After a jury trial in the circuit court of Kankakee County, Mose Killebrew, the defendant, was convicted of armed robbery and sentenced to a term of not less than 5 nor more than 10 years. The appellate court, with one judge dissenting, affirmed (4 Ill. App. 3d 376), and we granted the defendant's petition for leave to appeal.

Roger Jones testified on behalf of the prosecution that on January 2, 1969, he was employed as an attendant and the assistant manager of a gas station in Bradley. Between 9:50 and 10:20 P.M., while seated at a desk in the station, he heard a tapping on a side window which was to his rear. He turned and saw a man about six feet one inch tall and weighing about 180 pounds holding what appeared to be a .22-caliber rifle. He was wearing sun glasses and was dressed in a long dark coat with a dark hat. The man, "who was standing there right beside the window" motioned with the rifle for Jones to come out of the station. The man was standing behind a large billboard that was adjacent to the station. The board had fluorescent lights extending across its top. The lighting, Jones said, was good all around the station except for the area at the rear of the station. Jones left the station and walked over to the man. He then ordered Jones to walk behind the station where another man was waiting. The second man held Jones' hands behind his back, while the first man took five dollars from Jones' wallet, removed a wedding ring from

his finger, took his coin changer and a roll of bills from his shirt pocket. The men told Jones to start walking and threatened to shoot him if he turned around. They ran toward a junkyard about 100 yards away, the witness said. When he saw the direction in which they had run, he turned and walked toward the station to call the police. As he turned, he heard one of the men call out, and a shot was fired, but he was not hit. Jones identified the defendant as the robber with the rifle.

When the police arrived, Jones said, he gave them a description of the two men. Within an hour a police investigator brought five photographs of five men for Jones to view. He identified one photograph as a photograph of the man who had the rifle. The photograph was of the defendant. He identified the photographs shown him in court as the same five photographs that the investigator had shown him the night of the robbery. One of the photographs in court was the one of the defendant. He testified that later he had viewed other photographs at the Kankakee police station, but was unable to identify the second robber from them.

On cross-examination the witness stated that after the robbery he had moved to another State and that he had not seen the defendant since the night of the robbery.

Another prosecution witness was Dean Bauer, the chief investigator for the Kankakee sheriff's office. He said that on the night of January 2, 1969, he spoke to the station attendant, Roger Jones, to ascertain the descriptions of the robbers. He said he then got some mug shots from the files at the county jail which he showed to the attendant. He testified that Jones identified one of the photographs and that the prosecution's exhibit No. 3 was the photo. He could not recall, however, whether exhibits Nos. 1, 2, 4 and 5 were the same photographs he had shown Jones. On cross-examination he stated that all persons arrested and booked at the county jail were photographed.

After Bauer had testified the prosecution moved for the admission of the five photographs in evidence. The defendant objected saying that neither Jones nor Bauer had testified that the photographs were the same ones which had been exhibited to Jones on the night of the robbery. "The foundation has not been laid," the defendant contended. The objection was overruled and the photographs were received in evidence.

The photographs bore no markings or lettering, except the word "Polaroid." They are pictures of five young black males in civilian clothing. The background to the photos is a wall with graduations of feet and inches noted. All of the men were slightly over six feet. Bauer used the description of the robber given by Jones in selecting the photographs, he testified.

The defendant did not take the stand or otherwise present a defense.

The in-court identification of the defendant by Jones is not challenged here. The contention of the defendant is that the introduction into evidence of the five photographs and the references to them as "mug shots" by the witness Bauer and by the assistant State's Attorney in final argument was improper and prejudicial. It was suggestive, it is argued, of prior criminal activities by the defendant. The complaint against the prosecutor stems from a reference by him to the pictures in closing argument as "mug shots." The prosecutor "corrected" himself and thereafter used the term "photographs."

A pretrial or extrajudicial identification of an accused by the identifying witness at trial may be shown by the prosecution, and the prior identification may have been from a photograph of the accused. (*People v. Massioli, 406 Ill. 315, 322; People v. Tunstall, 17 Ill.2d 160, 164;* 71 A.L.R.2d 449, 453; McCormick on Evidence (2d ed. 1972), sec. 251, at 603.) However, the introduction of so-called "mug shots" or "rogues gallery" photographs in a criminal trial can be prejudicial. *People v. Murdock, 39*

*Ill.2d 553, 561;* Annot., 30 A.L.R.3d 908.

We consider that the references to "mug shots" or the admission of the photographs into evidence under the circumstances here cannot affect the defendant's conviction.

The defendant made no objection to the use of the expression "mug shot" by the witness Bauer or by the prosecutor in final argument. To the contrary, as the appellate court observed with respect to Bauer: "Defendant's attorney inquired specifically and at length about the origin of the pictures. Even after he directed questions which elicited information that the pictures were of arrested persons, he still pursued this line of interrogation." It is clear that a ground for objection may be waived by a failure to make objection. We said in *People v. Thompson, 48 Ill.2d 41, 45-46:* "Objections to evidence may be waived by failure to interpose proper objections in apt time, even though based upon constitutional grounds. (*People v. Trefonas, 9 Ill.2d 92, 98; People v. McCrimmon, 37 Ill.2d 40, 47; People v. Hicks, 35 Ill.2d 390, 395;* see *Mapp v. Ohio, fn. 9, 367 U.S. 643, 659, 6 L. Ed. 2d 1081, 1092, 81 S. Ct. 1684, 1693.*) The rationale underlying the procedural waiver doctrine is a sound one, based upon the need for timely resolution at trial of evidentiary questions. The salutary consequence of the waiver rule is that 'A party cannot sit by and permit evidence to be introduced without objection and upon appeal urge an objection which might have been obviated if made at the trial.' (*People v. Trefonas, 9 Ill.2d 92, 98.*)"

Turning to the defendant's other complaint on appeal, the record shows that he did object to the introduction of the photographs into evidence. However, the ground of objection was that the "foundation has not been laid"; the ground was not the one on which the defendant now seeks to rely, *viz.* that the photographs were suggestive and prejudicial. The ground of objection now claimed by the defendant must be considered as waived. An objection to

evidence based on a specified ground (here, no foundation) waives all grounds not specified. *People v. Canaday, 49 Ill.2d 416, 424.*

Our Rule 615(a) (Ill. Rev. Stat. 1971, ch. 110A, par. 615(a)) provides in part: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." As the language of the rule indicates it is not invocable in every case. In *People v. Pickett, 54 Ill.2d 280, 282,* we observed: "This rule does not mandate that a reviewing court consider all errors involving substantial rights whether or not the same have been brought to the attention of the trial court. Rather the rule is a means of meliorating the harshness of the strict application of the general waiver rule. As this court stated in *People v. Burson, 11 Ill.2d 360,* at 370: 'The court may, as a matter of grace, in a case involving deprivation of life or liberty, take notice of errors appearing upon the record which deprived the accused of substantial means of enjoying a fair and impartial trial, although no exceptions were preserved or the question is imperfectly presented.' Likewise, in criminal cases in which the evidence is closely balanced this court has held that it may consider errors that have not been properly preserved for review. *People v. Bradley, 30 Ill.2d 597, 601; People v. Nowak, 372 Ill. 381, 382; People v. Gardiner, 303 Ill. 204, 207.*"

Considering all things in this case, including the character of the photographs and the fact that the defendant does not challenge Jones' in-court identification of him as the robber, it cannot be said this was a matter of plain error which affected the defendant's substantial rights.

The Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1001 *et seq.*) became effective on January 1, 1973, and the defendant filed a supplemental brief contending that under the Code he is entitled to have the minimum term of his sentence reduced to four years.

The Code has classified armed robbery a Class 1 felony and it states that "for a Class 1 felony, the minimum term shall be 4 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term." Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(2).

The defendant argues that the five-year minimum sentence he received is in excess of the minimum penalty provided for a Class 1 felony under the Code. However, the Code states that its sentence provisions apply only if they call for a lesser sentence than that provided for under the prior law upon which the prosecution was commenced. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4.) Section 8—2—4 (par. 1008—2—4) provides in part: "If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced."

At the time the defendant was prosecuted and sentenced armed robbery was an offense punishable by "any indeterminate term with a minimum of not less than 2 years." Ill. Rev. Stat. 1967, ch. 38, par. 18—2(b).

Thus, the defendant does not fall within the sentencing provisions of the Code. Its sentencing provisions provide for a greater minimum sentence than was provided for in the prior law under which this defendant was prosecuted and sentenced.

For the reasons given, the judgment of the Appellate Court for the Third District is affirmed.

*Judgment affirmed.*