THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY O. SIMMONS, Defendant-Appellant.

(No. 73-162;

Third District—July 31, 1974.

James Geis, of the State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Rock Island County. The defendant, Henry O. Simmons, hereinafter referred to as defendant, was indicted for forgery and conspiracy. The defendant was convicted at a jury trial on both counts and was sentenced by the court to a term in the penitentiary of not less than 3 nor more than 9 years.

The defendant raises two issues on this appeal: (1) whether the comments made by the prosecutor during both closing arguments and rebuttal were so highly prejudicial and so inflammatory that it cannot be said that they did not affect the outcome of the trial, (2) whether it was error for the defendant to be convicted of both the inchoate crime of conspiracy as well as the principal offense of forgery.

The case against the defendant was based almost exclusively on testimony of a co-defendant, Austin. On December 8, 1972, Austin passed a a check for $89.42 at the First National Bank of Rock Island endorsed in the name of James Tollerud.

After his arrest Austin implicated the defendant and indicated that the defendant asked him to pass the check and later divide the proceeds.

The gist of the first point raised in this appeal is that during closing arguments and rebuttal the assistant State's Attorney made various comments in the presence of the jury to matters which had already been successfully objected to at trial, referred to facts not presented in evidence, and indicated his personal belief in defendant's guilt.

312

●■ Needless to say, if the defendant feels that an improper statement has been made, an objection should be raised at the trial level. If a timely objection is not raised the objection may be waived. (*People v. Killebrew*, 55 Ill.2d 337, 303 N.E.2d 377.) However, if no objection is made at trial, and the statement is so prejudicial and inflammatory as to deprive the defendant of a fair trial, the reviewing court can reverse the judgment, but should not reverse due to an improper statement if the statement does not rise to such a level. (*People v. Smothers*, 55 Ill.2d 172, 302 N.E.2d 324.) In order to warrant a reversal it should be shown that the statement or statements considering all the evidence of guilt was a material factor in the conviction and the verdict would have been otherwise if the statement hadn't been made. (*People v. Smith*, 6 Ill.App.3d 259, 285 N.E.2d 460.

■■ In the instant case the prosecutor's closing argument was at one point objected to and the court sustained the objection. The jury was not admonished immediately to disregard the statement, but an instruction was given to disregard any statements made in the closing arguments which were not based on fact. The failure to admonish at the time the objection was sustained is not fatal in light of the later instruction. *People v. Arnold*, 12 Ill.App.3d 826, 299 N.E.2d 446.

■■ The defendant also assigns as error that the assistant State's Attorney indicated his job was to protect the innocent and prosecute the guilty. Defendant claims that this statement indicates the prosecutor's personal belief in his guilt. This expression is proper where it is apparent that such an opinion is based on facts or inferences from facts in evidence. *People v. Prim*, 53 Ill.2d 62, 289 N.E.2d 601.

Regarding the statements which were not objected to at the time of trial, but which defendant now assigns as error, we can only conclude that the defendant has no standing to raise them in this appeal unless they are so prejudicial that they deprived the defendant of a fair trial. *People v. Killebrew*, 55 Ill.2d 337, 303 N.E.2d 377; *People v. Kirkwood*, 54 Ill.2d 369, 297 N.E.2d 148; *People v. Arnold*, 12 Ill.App.3d 826, 299 N.E.2d 446.

■■ The defendant contends that any of the comments taken individually which he is now objecting to may be grounds for reversal and that taken cumulatively they would definitely be grounds for reversal. The statements the defendant objects to at this point, which were not objected to at trial, are:

> "In this case we have had some more humorous moments. More than I have ever been acquainted with in working two years with witnesses and I have been trying to keep a straight face in being Prosecutor.

Mr. Simmons would have you believe that the State is mistaken to say that he has committed a crime. The second thing, Mr. Lomas testified how they went to Davenport and picked up the paper. That goes to show you what kind of people we are dealing with today. Henry O. Simmons is the person who is running around with the convictions and even if Mr. Lomas testified he didn't know Mr. Simmons 'until he came to me' but says, 'he knew me from Stateville so Mr. Simmons already knew the man.'

If you find Mr. Simmons not guilty, he will be out on the streets to go about his business as he deems best.

\* \* \* (L)et's be a sympathetic prosecutor; persecutor not prosecutor. Ladies and Gentlemen, I have to function and do a job I am required to do and a duty to protect the innocent and prosecute the guilty.

Mr. Collinson has more experience on Petitions to Revoke Probation than anyone. \* \* \* Does that mean Mr. Simmons should get away with the crime?

However, I didn't tell Mr. Simmons to forge that check. He took it upon himself because he wanted money. \* \* \* If Mr. Simmons wanted to give a truthful statement, he would have said, 'I alone did it' and that would be the end of it.

I am the Prosecutor NOT the persecutor."

We do not find any of these statements urged by the defendant as being a basis for reversal as of that caliber which when unobjected to would be so prejudicial as to deny the defendant a fair trial.

■■ The defendant also urges as error the following statement by the prosecutor:

"Did anyone watch Monday night show where the guy had put a mask over his face; got out on bail and committed the same crime. That answers all the questions. \* \* \*"

This was an invited statement as the defense attorney had previously related a similar television experience about how an innocent person was accused of crime and how an innocent person could even be convicted merely on the word of another person. A statement which is invited is proper and appropriate argument (*People v. Havener*, 13 Ill.App.3d 312, 300 N.E.2d 43), and furthermore this was not a statement so prejudicial as to warrant a finding that it denied the defendant a fair trial. *People v. Killebrew*, 55 Ill.2d 337, 303 N.E.2d 377; *People v. Kirkwood*, 54 Ill.2d 369, 297 N.E.2d 148; *People v. Arnold*, 12 Ill.App.3d 826, 299 N.E.2d 446.

■■ Regarding the second issue presented for review, whether or not it was error for the defendant to be convicted of both the inchoate crime of conspiracy as well as the principal offense of forgery, the State confesses it was an error for the defendant to be convicted of both of said

crimes, and therefore the judgment of guilty entered by the circuit court of Rock Island County for the crime of conspiracy is reversed and vacated. (See *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1.) For the reasons set forth the judgment of guilty and sentence imposed thereon by the circuit court of Rock Island for the offense of forgery is affirmed.

Affirmed in part and reversed and vacated in part.

ALLOY and STOUDER, JJ., concur.