The People of the State of Illinois, Plaintiff-Appellee, v. Clarence W. Haugh, Defendant-Appellant.

(No. 74-144; )

Second District (1st Division)—April 24, 1975.

Philip A. Nicolosi, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

In a jury trial herein the defendant was found guilty of driving under the influence of intoxicating liquor and was fined $200 and costs. The defendant appeals, contending that he was not found guilty beyond a reasonable doubt and, secondly, in substance, that he was not given the Miranda warnings (Miranda v. State of Arizona (1966), 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602) prior to being given tests for intoxication.

As to the first contention, we find that the evidence was sufficient for the jury to find the defendant guilty of driving a motor vehicle under

the influence of intoxicating liquor beyond a reasonable doubt. The defendant was driving his motor vehicle on the afternoon of June 15, 1973, when he passed a deputy sheriff. The deputy sheriff followed him, and shortly thereafter defendant struck three barricades along the road. Defendant was stopped by the deputy and a State policeman was called and he was taken to the Winnebago County Jail. The testimony of the deputy sheriff and of the State policeman before the jury was that the defendant was under the influence of alcohol. This opinion was arrrived at by visual observation, *viz.*, they noted the odor of alcohol about him, he was unstable on his feet, his speech was thick-tongued and slow, his speech was slurred and he swayed when walking. At the sheriff's office a field test was administered to the defendant and he stated that he was in German Valley, Stephenson County, when, as a matter of fact, he was in the Rockford county sheriff's office in Winnebago County. The results of the field test were admitted into evidence by the defendant through his counsel. Additionally, defendant testified that he had had three beers shortly before he was stopped driving his car, at approximately 2:30 in the afternoon. He had had nothing to eat since the prior night as indicated by the police alcoholic influence report introduced by the defendant.

We will not substitute our judgment for that of the jury as to the determination of whether the defendant was, in fact, guilty of driving while under the influence of intoxicating liquor.

The second contention of the defendant appears to be that his rights under the fifth amendment to the United States Constitution were violated in that preliminary tests for intoxication were administered without advising the defendant of his *Miranda* rights. It is to be noted that the detective did, in fact, read the *Miranda* warnings to the defendant after the field tests were made. The defendant is incorrect in his contention. In *People v. Mulack* (1968), 40 Ill.2d 429, 430, 240 N.E. 2d 633, 634, the defendant contended that the use of:

> " 'Breatholyzer' tests and 'Field Visual' tests violated his constitutional right to counsel under the doctrine of *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602."

In rejection of this contention the supreme court expressly held that *Miranda* warnings apply only to "testimonial" evidence and not to "physical" evidence. The instant defendant's contention in this regard is, therefore, without merit. With relation to this issue it is to be expressly noted that all of the evidence involved herein was admitted without objection of any kind by counsel for the defendant nor was this issue raised in defendant's post-trial motion. In *People v. Pickett* (1973), 54 Ill.2d 280, 282, 296 N.E.2d 856, 857, the supreme court stated:

"The general rule followed by this court is that the failure by the defendant to raise an issue in the written motion for a new trial constitutes a waiver of that issue and it cannot be urged as a ground for reversal on review. [Citations.] This waiver rule applies to constitutional questions as well as to other issues."

Likewise, the court in *People v. Killebrew* (1973), 55 Ill.2d 337, 341, 303 N.E.2d 337, 380, considered the effect of counsel's failure to object to the admission of evidence. In quoting from *People v. Trefonas* (1956) 9 Ill.2d 92, 98, 136 N.E.2d 817, the court stated:

"A party cannot sit by and permit evidence to be introduced without objection and upon appeal urge an objection which might have been obviated if made at the trial."

Counsel for the defendant, having failed to make any objection whatsoever to the admission of evidence against the defendant, has therefore expressly waived any rights in this regard. We further find, as indicated above, that none of the evidence introduced was, in fact, improper, even if objection had been made thereto. We therefore affirm the judgment of the trial court.

Affirmed.

SEIDENFELD, P. J., and HALLETT, J., concur.