THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EUGENE FULTON, JR., Defendant-Appellant.

(No. 73-205; ▮▮▮▮▮▮▮▮)

Fifth District—December 4, 1975.

James Streicker and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Eugene Fulton, Jr., from a judgment of conviction entered by the circuit court of St. Clair County on a jury verdict of guilty to the charge of murder and the sentence of 14 to 20 years imposed thereunder.

The defendant raises the following contentions on appeal: (1) that the admission of certain testimony denied him his sixth amendment right to confront the witnesses against him; and (2) that the State's Attorney's closing argument constituted prejudicial error. We find the failure of defendant's retained counsel to raise any timely objection in the trial court waives each of these contentions.

In anticipation of the possible application of the waiver rule, the defendant cites two cases in support of his contention that a violation of his right to confront witnesses is plain error of which this court should take notice. Since both of these cases reached the same conclusion

under similar factual situations we only find it necessary to discuss the more recently decided case of *People v. Hopkins,* 124 Ill.App.2d 415, 259 N.E.2d 577. In *Hopkins,* Ronald Hopkins and Marvin Martin were jointly tried and convicted of theft from a person. Defendant Martin signed a written statement admitting that he, defendant Hopkins, and a third person had been together on the day in question. Martin further admitted that he drove to a grocery store, wherein the offense allegedly occurred, but claimed that he remained outside while Hopkins and his other companion entered the store. Martin stated that the two returned with a bag containing a large quantity of money, which they said they had found. This statement was introduced against both defendant Hopkins and Martin. Martin did not testify during the trial. This court held that this statement was inadmissible hearsay and that its admission violated Hopkins' right to cross-examination secured by the confrontation clause of the Sixth Amendment. Citing *People v. Scott,* 100 Ill.App.2d 473, 241 N.E.2d 579, we held the admission of this statement to be plain error.

The factual situation presented in the instant case does not, however, require that we reach a similar conclusion. Unlike *Hopkins,* the defendants in the instant case were given separate trials, no written statements were admitted into evidence, the defendant was present when his accomplice allegedly made the challenged statement, the defendant took the witness stand on his own behalf, and the challenged statement was, at least arguably, not excludable as hearsay. The defendant's alleged accomplice purportedly made the incriminating statement shortly after having committed an armed robbery and having shot two individuals. Enmeshed in the alleged accomplice's utterances admitting his own guilt were declarations which implied that the defendant assisted in the perpetration of the crimes.

■■ From the foregoing it appears as if all of these statements were made at a time when the declarant's excited state of mind had rendered his normal reflective processes inoperative, thus minimizing the possibility of reflective self-interest influencing his declarations. This is partially evidenced by how freely the declarant admitted his own guilt. It is further evidenced by the magnitude of the event and the declarant's involvement therein. Thus, even if the defendant had objected on the basis of hearsay, the trial court could have, in its discretion, concluded that the inculpatory declarations were excited utterances, an exception to the hearsay rule. (See *People v. Poland,* 22 Ill.2d 175, 174 N.E.2d 804; *People v. Parisie,* 5 Ill.App.3d 1009, 287 N.E.2d 310.) Also significant is the fact that the defendant was present when the alleged declarations were made and availed himself of the opportunity to testify on his own

behalf. In view of these distinctions, which tend to ameliorate the denial of defendant's right to confront witnesses, we decline to consider the admission of such declaration to be within the rule allowing for the recognition of plain error (Supreme Court Rule 615(a), Ill.Rev.Stat. 1973, ch. 110A, par. 615(a)). Furthermore, since the defendant's privately retained counsel failed to interpose an objection to this testimony during the trial and further failed to suggest such error in his written motion for a new trial we will not entertain defendant's objection on appeal, deeming such objection to have been waived. (*People v. Hairston*, 46 Ill.2d 348, 246 N.E.2d 869, *cert. denied*, 402 U.S. 972, 29 L.Ed.2d 136, 91 S.Ct.1658; *People v. Davis*, 18 Ill.App.3d 793, 310 N.E.2d 682.) We take into consideration too, the fact that our reading of the record leads us to the conclusion that there was other sufficient evidence of defendant's participation in the armed robbery which resulted in the murder, from which reasonable men could conclude, that beyond a reasonable doubt defendant was guilty of the charge.

■■ A similar analysis yields a like conclusion with respect to defendant's remaining contention that the State's Attorney's reference to "mug shots" during his closing argument was prejudicial error. (*People v. Moore*, 55 Ill.2d 570, 304 N.E.2d 622; *People v. Dailey*, 51 Ill.2d 239, 282 N.E.2d 129; *People v. Simmons*, 21 Ill.App.3d 310, 315 N.E.2d 226.) No objection was raised to this comment by defendant's privately retained counsel. Under such circumstances the objection should be deemed waived unless it is so prejudicial and inflammatory as to deprive the defendant of a fair trial. (*People v. Smothers*, 55 Ill.2d 172, 302 N.E.2d 324.) While we find this reference improper, we do not find its effect to be so prejudicial as to deny the defendant a fair trial. *People v. Killebrew*, 55 Ill.2d 337, 303 N.E.2d 377.

After reviewing the entire record we have discovered no plain error affecting any of the defendant's fundamental rights, the deprivation of which prevented the defendant from receiving his constitutional right to a fair trial. On the basis of this review we affirm the judgment entered by the circuit court of St. Clair County.

Judgment affirmed.

JONES and CARTER, JJ., concur.