*In re* CUSTODY OF JODY BATY *et al.*—(LARRY BATY, Petitioner-Appellant, *v.* PATRICIA BATY, Respondent-Appellee.)

Third District   No. 79-780

Opinion filed April 11, 1980.

Edward Kelly, of Drendel and Kelly, of Streator, for appellant.

No brief filed for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by the petitioner, Lawrence Baty, Jr., from the order of the Circuit Court of La Salle County, granting a change of custody to him for 12-year-old Jodie Baty, but denying that change of custody as to Preston (9) and Carrie (7), the respondent, Patricia M. Baty, retaining custody of the younger children. After the petitioner's motion for reconsideration was denied, he pursued this appeal.

■■ Initially it should be noted that, for some reason, the respondent-appellee has failed to file a brief with this court. This is unfortunate because the court is deprived of the appellee's reasoning and argument. Furthermore, this court will not act as the respondent-appellee's advocate. (*Fischer v. Kellenberger* (1979), 73 Ill. App. 3d 550, 392 N.E.2d 733.) On the other hand, merely because an appellee has failed to file a brief will not generally justify an automatic reversal by a reviewing court. (*R. W. Horn Wholesale Meats, Inc. v. Lyman* (1977), 49 Ill. App. 3d 379, 364 N.E.2d 384.) Summary reversal is, however, available to an appellate court in the exercise of the judges' discretion. (*Smith v. Lemont Fire Protection District* (1977), 45 Ill. App. 3d 52, 359 N.E.2d 2.) Nevertheless,

in the interest of justice, this court will examine the points raised by the petitioner-appellant.

The first issue to be addressed is whether the trial court erred by permitting a witness to testify as an expert. Patricia Sutton testified that she was a close friend of the respondent, and had been for 13 years. Although not employed, Mrs. Sutton was attending classes at the Illinois Valley Community College, being trained to become a day-care counselor. At the time of testifying she was in a two-year program in elementary education and planned a career in counseling parents having problems with their children. She had taken courses in sociology, psychology and courses wherein she worked in the field with children. However, the precise nature of those courses was never explained. In addition, Mrs. Sutton testified she had worked in day-care centers with children.

Although Mrs. Sutton testified that she had observed the relationship the respondent had with her children, Mrs. Sutton did not testify as to her observations concerning the petitioner's relationship with the children. However, over objections by the petitioner, Mrs. Sutton was allowed to testify that Jodie and her father had an unnatural relationship because Jodie looked so much like her mother and used this to get her dad's affection and that the children were better off living with the respondent. The petitioner's objections were overruled because, the trial court reasoned, Mrs. Sutton had taken a course with regard to child psychology.

For a witness to testify as an expert concerning an opinion, it must be demonstrated that the witness possesses special skills or knowledge beyond that of the average layman, and this determination of the witness' qualifications rests within the sound discretion of the trial judge. (*Piacentini v. Bonnefil* (1966), 69 Ill. App. 2d 433, 217 N.E.2d 507; *Buckler v. Sinclair Refining Co.* (1966), 68 Ill. App. 2d 283, 216 N.E.2d 14.) In other words, the test of the competency of a witness to testify as an expert is whether that witness discloses sufficient knowledge of the subject matter. *Gibson v. Healy Brothers & Co.* (1969), 109 Ill. App. 2d 342, 248 N.E.2d 771.

In the case at bar, the trial judge clearly abused his discretion. Merely because a person is taking or has taken courses in psychology does not qualify that person as an expert on which parent should have custody of the minor children. Mrs. Sutton did not testify, as the trial judge concluded, that her psychology courses were in "child" psychology. Furthermore, Mrs. Sutton has not yet completed her two-year degree program and did not testify as to how extensive her work experience was in this field. Nor did she testify concerning her observations of the relationship of the petitioner with the children. Therefore, not only did

Mrs. Sutton fail to demonstrate sufficient knowledge of the subject matter to qualify as an expert, but she also failed to demonstrate that she possessed sufficient background knowledge to formulate an expert opinion.

Since the determination of the above issue is dispositive of this appeal, requiring a reversal and remandment, we need not consider the remaining issues raised by the petitioner.

For the foregoing reasons, the judgment of the circuit court of La Salle County is reversed, and the cause is remanded for a new hearing on the change of custody.

Reversed and remanded.

STENGEL and BARRY, JJ., concur.