THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS WILDER, Defendant-Appellant.

Fourth District   No. 4—85—0757

Opinion filed July 31, 1986.—Rehearing denied September 2, 1986.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Benson, State's Attorney, of Paxton (Kenneth R. Boyle, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Wilder was convicted by a jury of criminal sexual abuse.

He appeals, arguing (1) the circuit court erred in excluding, pursuant to the rape shield statute (Ill. Rev. Stat. 1983, ch. 38, par. 115—7(a)), evidence pertaining to the victim's sexual activities with persons other than himself which he sought to introduce in support of an explanation of the victim's physical condition following the crime which differed from the State's explanation; (2) the circuit court improperly ruled that a Department of Children and Family Services (DCFS) employee, Ronald Rasmus, was qualified to testify as an expert concerning characteristics of families in which child sexual abuse usually occurs and whether Wilder's family matched those characteristics, because the witness lacked sufficient expertise in that area and in any event had not had sufficient exposure to the Wilder family to be able to determine whether the family matched those characteristics; (3) Rasmus' testimony concerning the characteristics of families in which child sexual abuse typically occurs and whether the Wilder family matched those characteristics was improperly admitted because it was irrelevant and prejudicial in that such evidence does not establish that child sexual abuse has occurred in any particular case; and (4) since the evidence is closely balanced, his allegations of error in the exclusion of evidence of the victim's sexual activities with persons other than himself and in the admission of Rasmus' testimony concerning the characteristics of families in which child sexual abuse typically occurs and Rasmus' testimony that the Wilder family matched many of those characteristics, should, if waived, nevertheless be considered on appeal pursuant to the plain-error doctrine. 87 Ill. 2d R. 615(a).

I

Wilder asserts that he should have been permitted to introduce evidence that the unusual width of the victim's vaginal canal for her age may have been due to sexual relations with persons other than himself prior to the time of the medical examination of the victim as to which Dr. Buetow testified. However, the only evidence in the record concerning the victim's sexual relations with persons other than Wilder is the victim's testimony that she had "gone out" with a Danny Daniels, and a statement in a written report by Dr. Buetow that:

"[The victim] herself has attempted intercourse with Danny Daniels—this occurred after her episodes with Dad [Wilder]. Site was in the woods across from swimming pool. When further questioned [the victim] is embarrassed about this episode and is not sure how far penis was inserted or if they actually had intercourse."

Wilder did not make an offer of proof as to the exact nature of the victim's sexual relations with persons other than Wilder, and whether such relations could, to a reasonable degree of medical certainty, have accounted for the victim's wide vaginal canal.

■■ ■ Failure to make an adequate offer of proof results in waiver, for purposes of review, of the question of whether the trial court erred in excluding evidence. (*Chicago City Ry. Co. v. Carroll* (1903), 206 Ill. 318, 68 N.E. 1087.) In our view, the evidence introduced at trial is in itself insufficient to establish that the victim's physical condition at the time that Dr. Buetow examined her was possibly attributable to acts of intercourse with persons other than Wilder. By failing to present an offer of additional and specific evidence as to this matter, Wilder waived his contention that the rape shield statute (Ill. Rev. Stat. 1983, ch. 38, par. 115—7(a)) notwithstanding, he should have been allowed to present evidence concerning the victim's purported sexual activities with persons other than himself in order to provide an alternative explanation for the victim's physical condition.

## II

One of the State's witnesses at Wilder's trial was Ronald Rasmus, a child protective investigator with DCFS. Rasmus had been a DCFS investigator for over four years, and testified concerning an interview with the victim and her mother. He further testified that he had investigated incidents of alleged child sexual abuse in more than 300 families.

The State asserts that Wilder has waived his contention that Rasmus had an insufficient degree of acquaintance with the Wilder family to be able to testify with regard to whether the family fit the characteristics of families in which child sexual abuse typically occurs. However, since we conclude that Rasmus did have a sufficient degree of acquaintance with the Wilder family to be able to form an opinion as to the characteristics of the family, we need not consider the State's waiver argument.

■ The record contains uncontradicted evidence that Rasmus had one hour conversations with the victim and her mother, and that he

also had an interview with Wilder which was cut short at Wilder's election. These interviews afforded Rasmus an opportunity to develop a degree of acquaintance with the Wilder family sufficient to enable him to express an opinion as to the characteristics of the family. The present case is distinguishable from *In re Custody of Baty* (1980), 83 Ill. App. 3d 113, 403 N.E.2d 747, where a witness purported to have formed an opinion on the question of which parent was fit to have custody of a child on the basis of her observations of only one of the child's parents.

As for Wilder's assertion that the State did not establish that Rasmus was qualified to testify concerning the characteristics of families in which child sexual abuse typically occurs, Rasmus, contrary to Wilder's intimation, did not testify as to highly technical and complex psychological models or theories. Rather, Rasmus simply stated the characteristics most often observed in families where child sexual abuse typically occurs. His testimony carried a strong implication that he became aware of those characteristics as a result of observing the families in which he investigated incidents of child sexual abuse.

■■ ■ Generally, the determination of a witness' qualifications to testify as an expert rests within the discretion of the trial court, and a witness may be qualified as an expert by reason of experience alone. (E. Cleary & M. Graham, Illinois Evidence sec. 702.2, at 454-55 (4th ed. 1984).) It is manifest that in the case at bar, Rasmus' experience constituted an adequate basis for the court's allowing him to testify as to the characteristics of families in which child sexual abuse usually occurs.

### III

■■ Wilder did not object, on the basis of irrelevancy or undue prejudice, to Rasmus' testimony that many characteristics of the Wilder family matched those of families in which child sexual abuse typically occurs, although he did object to Rasmus' qualifications to testify as an expert. Nor did Wilder assert, in his post-trial motion, that this portion of Rasmus' testimony was improperly admitted because of its irrelevancy or prejudicial effect. A specific objection waives all grounds not asserted therein (*People v. Williams* (1983), 97 Ill. 2d 252, 454 N.E.2d 220, *cert. denied* (1984), 466 U.S. 981, 80 L. Ed. 2d 836, 104 S. Ct. 2364, *rehearing denied* (1984), 467 U.S. 1268, 82 L. Ed. 2d 864, 104 S. Ct. 3563), and failure to raise an issue in a post-trial motion results in waiver of that issue (*People v. Lucas* (1981), 88 Ill. 2d 245, 430 N.E.2d 1091). It follows that Wilder has waived his contentions regarding the purported irrelevancy and preju-

dicial effect of portions of Rasmus' testimony.

## IV

We do not deem this to be a proper case for application of the plain-error doctrine (87 Ill. 2d R. 615(a)) with respect to the contentions which we have concluded Wilder waived. By failing to make an offer of proof as to the exact nature of the victim's purported sexual activity with persons other than himself, Wilder precluded both the trial court and this court from determining whether the victim's purported sexual activities with persons other than himself was a possible cause of the victim's enlarged vaginal canal as to which Dr. Buetow testified. Since the record contains insufficient information to permit a determination as to whether the exclusion of this evidence was error, there are no grounds for us holding, on the basis of the record before us, that its exclusion was plain error. See *People v. Hickman* (1986), 143 Ill. App. 3d 195, 492 N.E.2d 1041 (plain-error doctrine held inapplicable to contention that confession was improperly admitted because defendant was under influence of drug when he made confession, on ground, *inter alia,* that record contained insufficient information concerning amount of drug ingested and its effect on defendant).

With respect to Rasmus' testimony regarding the characteristics of families in which child sexual abuse typically occurs and Rasmus' statement that the Wilder family possesses many of those characteristics, Wilder, who testified on his own behalf, had knowledge of whether his family fit those characteristics to an even greater extent than did Rasmus. In view of Wilder's superior knowledge concerning the characteristics of his family as to which Rasmus testified and Wilder's testifying on his own behalf, we cannot say that the admission of the portion of Rasmus' testimony of which Wilder complains constituted plain error. *Cf. People v. Fulton* (1975), 33 Ill. App. 3d 984, 339 N.E.2d 1 (admission of accomplice's inculpatory statement held not to constitute plain error on bases, *inter alia,* that defendant was present when statement was made and testified on his own behalf).

For all of the foregoing reasons, we affirm Wilder's conviction.

Affirmed.

McCULLOUGH, P.J., and MORTHLAND, J., concur.