THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
MICHAEL T. CARRITHERS, Defendant-Appellee.

Third District No. 3—88—0066

Opinion filed August 10, 1988.

Joan Scott, State's Attorney, of Lewistown (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Boggs & Knuppel, P.C., of Havana and Robert A. Downs, of Lewistown (William H. Knuppel, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

At approximately 7:30 p.m. on June 30, 1987, Officer Richardson, a deputy sheriff of Fulton County, was in the Village of Table Grove, Illinois, looking for the defendant, Michael T. Carrithers. The officer intended to arrest the defendant for committing a battery on his (defendant's) wife. The officer had seen the defendant before and knew his automobile. While driving around Table Grove, the officer spotted the defendant driving his automobile. As defendant approached an intersection of streets, the officer observed the passenger door of defendant's vehicle slowly open and a brown paper bag dropped from the automobile to the roadway. The officer activated the red lights on his patrol car and stopped the defendant's vehicle. He told the defendant to return to the area where the brown bag was and to retrieve it. The defendant complied with this order.

The defendant was charged with unlawful possession of more than 30 and not more than 500 grams of cannabis. Defendant filed a motion to suppress evidence, to wit, the brown paper bag. The circuit court of Fulton County granted the motion to suppress and from this order the State appeals.

With its order of suppression the trial court filed a memorandum opinion in which the court concluded that suppression was necessary because the defendant had not been advised of his constitutional rights, to wit, *"Miranda* warnings."

Since 1966 it has been the law of the land that as an absolute prerequisite to the admissibility of a confession or other incriminating statement, a suspect must, in the absence of an intelligent waiver, be warned prior to questioning that he has a right to remain silent, that any statement he makes may be used as evidence against him, and that he has the right to the presence of an attorney and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. See *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.

The sole issue in this appeal is whether the defendant was denied his constitutional rights because he was not given the *Miranda* warnings prior to the time he was directed to retrieve the brown paper bag.

In addressing this issue we note that the trial court in the instant case held, and we believe properly so, that the defendant was in fact placed under arrest by the deputy sheriff. The defendant's liberty was restrained and the deputy acknowledges that he was looking for the defendant for the purpose of arresting him for the offense of battery.

 █ The mere act of arresting an accused at gunpoint does not constitute custodial interrogation by nonverbal methods requiring the giving of *Miranda* warnings. (*People v. Thompson* (1971), 48 Ill. 2d 41, 268 N.E.2d 369.) Our supreme court has held that *Miranda* warnings of constitutional rights apply only to testimonial evidence and not to physical evidence. (*People v. Mulack* (1968), 40 Ill. 2d 429, 240 N.E.2d 633.) A defendant's fifth amendment rights are not violated when preliminary tests for intoxication of a driver were administered without advising him of his *Miranda* rights. (*People v. Haugh* (1975), 27 Ill. App. 3d 710, 327 N.E.2d 292; see also *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826.) The failure to give *Miranda* warnings is not a denial of an accused's fifth amendment rights when the individual is required to submit to fingerprinting, measuring and photographing. (*Davis v. Mississippi* (1969), 394 U.S. 721, 22 L. Ed. 2d 676, 89 S. Ct. 1394, *later appealed* (1971), 255 So. 2d 916, *cert. denied* (1972), 409 U.S. 855, 34 L. Ed. 2d 99, 93 S. Ct. 191.) The United States Supreme Court has further rejected the argument that compelling an accused to submit to a demand that he try on or model certain clothing violates the accused's rights against self-incrimination. *United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926; *Gilbert v. California* (1967), 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951.

██ *Miranda* does not provide a hindrance to police officers' usual investigative techniques. Policemen confronted with suspicious circumstances which might be resolved with a satisfactory explanation from the person being questioned are permitted to make inquiries which are of an investigative nature without first giving *Miranda* warnings. *People v. Tolefree* (1972), 9 Ill. App. 3d 475, 292 N.E.2d 452.

In the instant case we fail to see how the defendant was forced to incriminate himself by the demand of the deputy sheriff that the brown paper bag be retrieved by the defendant. The officer clearly saw the bag being tossed from the defendant's vehicle. The brown paper bag unquestionably was evidence and undoubtedly would have been so offered if a trial had taken place. The same could have been offered as evidence if the deputy sheriff had opted to retrieve it.

██ We are confronted with the narrow question as to whether the accused should have been given *Miranda* warnings before any request or demand was made that he retrieve the brown paper bag. Based upon the cases heretofore cited, we are of the opinion that the *Miranda* warnings were not required since the procurement of the bag related to physical evidence and not to self-incriminating testimo-

nial evidence which the *Miranda* warnings attempt to prevent.

For the reasons set forth the order of the circuit court of Fulton County granting the motion to suppress and dismissing the case is reversed and this case is remanded for further proceedings.

Reversed and remanded.

WOMBACHER and STOUDER, JJ., concur.