(No. 28631.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED J. CORDES, Plaintiff in Error.

*Opinion filed May 23, 1945—Rehearing denied September 17, 1945.*

JOSEPH P. POWER, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

A jury trial in the criminal court of Cook county resulted in a verdict finding defendant guilty of assault with intent to commit rape. He was committed to the Illinois State penitentiary for a term of not less than three nor more than six years. The cause comes here by writ of

error. Two grounds for reversal are urged, namely: that
there was error in the admission of evidence offered on
behalf of the People and that the evidence does not prove
defendant guilty of assault with intent to rape.

Prosecutrix, aged 16, was employed at a candy factory
located on Oak Park avenue in Chicago. Her hours of
employment were from 3:30 P. M. to midnight. About
12:15, on the morning of September 15, 1943, she left the
factory to go to her home located a few blocks from the
factory. There were several hundred employees whose
shift terminated at midnight, the same as prosecutrix's, but
only a few of them left the plant at the Oak Park avenue
exit. Prosecutrix testified that she went south on the east
side of Oak Park avenue one block to Armitage avenue,
that at the intersection she crossed to the west side of Oak
Park avenue. She testified that as she was crossing the
street she observed a man about 50 feet distant who was
advancing toward her, that when they were opposite a
filling station located on the southwest corner of the inter-
section, they met and he seized her arms, threw her to
the ground and got down beside her. She testified that
she screamed, and scratched and kicked him, that her assail-
ant tried to muffle her screams by holding his hand on her
mouth and neck, that at the same time he was using the
other hand to catch his glasses which she had knocked off.
She stated that at this time another man came from south
of the intersection, that he was running and yelling at her
assailant. As the man approached, her assailant released
his hold on her, arose and ran into a nearby alley. The
evidence shows the police officers arrived immediately and
prosecutrix gave them a detailed description of the size
and dress of the one who assaulted her. In about an hour
the police apprehended the defendant and prosecutrix iden-
tified him as the one who had attacked her. There is no
evidence of any words having been spoken by defendant's

assailant before or during the attack. Defendant was a stranger to her.

The man who ran to the assistance of prosecutrix was Oscar M. Magnusson. He testified he was employed at the candy factory and finished his shift at midnight. He stated that he walked south on the east side of Oak Park avenue and passed prosecutrix north of Armitage avenue but he did not know her at that time. When he was about 150 feet south of Armitage avenue, he met a man going in a northerly direction. The description the witness gave of this man corresponded with the description given by prosecutrix of her assailant. Magnusson testified that after passing this man he heard a woman's screams in the direction of the Armitage avenue intersection and that he ran in that direction, yelling as he advanced. He testified that as he approached the southwest corner of the intersection, he saw a man "in a rising position" near prosecutrix and that the man fled into an alley, that he followed but soon lost sight of him. A couple of hours later, he identified defendant at the police station as the man he met on Oak Park avenue and whom he later chased into the alley. There was evidence by the police officers and others that the defendant had dirt or mud spots on the knees of his trousers when he was taken to the police station.

The defense interposed by defendant was that of an alibi. Under the conclusions reached as to the admission of certain testimony of Mrs. Cecelia Cigan, it will not be necessary to set forth the evidence pertaining to defendant's alibi.

Cecelia Cigan testified that she worked at the candy factory on the same shift as prosecutrix, and that at a little after midnight on the date of the assault, she was walking south on the east side of Oak Park avenue between Armitage and Cortland avenues. Cortland is the first intersecting street south of Armitage. She testified that a man

followed her in that block, that she stepped aside to let him pass and that he proceeded ahead of her to Cortland avenue and turned east on Cortland. She continued south on the east side of Oak Park avenue. She testified that when the man was four doors, or about 125 feet, east on Cortland, he turned and asked her if she wanted to have sexual intercourse and that she observed his trousers were open in front and his private parts exposed. She further stated that she started to run south on Oak Park avenue but while doing so she looked back and saw the man had turned and was walking west on Cortland toward the street she was on. She did not testify as to the direction he went when he reached Oak Park avenue. On the trial she identified defendant as the man whom she had seen that night. She stated she did not know him and had not seen him from the date of the occurrence to the time of the trial in November, 1943. The witness's evidence as to the man's indecent exposure of his privates and his vulgar inquiry were admitted over defendant's objection. The ruling on the admissibility of. such evidence furnishes the basis for the first assignment of error.

The evidence of Cecelia Cigan was introduced in rebuttal to defendant's proof of an alibi. That part of the evidence which identified defendant as the one she saw in the vicinity of the intersection of Oak Park and Cortland avenues near the time of the attack was admissible. The place where she testified she saw him was approximately one block from the place where prosecutrix testified the attack occurred. Such evidence was therefore admissible to rebut defendant's evidence of an alibi and to show he was in the vicinity of the scene of the crime near the time it was committed. The evidence of the vulgar remarks and his indecent exposure was not admissible. It is immaterial whether such evidence be considered as tending to establish an offense separate and distinct from the one charged in the indictment or as tending to discredit him

and cast suspicion upon his conduct and morals. It was not admissible in either event. It was separate and distinct from the offense charged, unrelated thereto and was not a part of the *res gestae*. In connection with the admissibility of evidence of another crime in a case of this character, it was said in *People* v. *Gibson,* 255 Ill. 302: "The rule repeatedly announced in cases of this character is, that a separate and distinct offense cannot be proven in support of a prosecution for another offense. But there is an exception to the rule when the two acts are so connected as to be parts of one transaction. In that case proof of one tends to establish the other. *Farris* v. *People,* 129 Ill. 521; *Parkinson* v. *People,* 135 Ill. 401; *Lyons* v. *People,* 137 Ill. 602; *Wistrand* v. *People,* 218 Ill. 323; *People* v. *White,* 251 Ill. 67."

In 44 American Jurisprudence, page 948, section 79, it is said: "The courts universally refuse to admit evidence of the commission of other and distinct crimes where such evidence is not otherwise relevant, and in the application of this rule it is well settled on a prosecution for rape that evidence of another rape or other sex crime committed at a different time and on or against another person, and having no connection with the crime charged, is not admissible."

Where the crime charged is assault with intent to rape, it is for the jury to determine whether the assault was made with intent to have intercourse with the prosecutrix and to use force, if necessary, to compel her to submit. (*People* v. *Maher,* 377 Ill. 488; *People* v. *Anderson,* 382 Ill. 316.) The only evidence as to the intent with which the assault was made is the testimony of prosecutrix. It is meager and under such condition of the record, the jury was liable to attach improper significance to the testimony of Cecelia Cigan. Under such circumstances, it was error to admit it and its admission requires reversal and remandment for a new trial.

52

This is not a case where the proof as to all the elements of the crime is so overwhelmingly established that it can be said that the error in the admission of evidence should not operate to cause a reversal of the judgment. Inasmuch as the cause must be remanded for a new trial, we will not extend the discussion of the evidence for a consideration of the assignment of error that the defendant was not proved guilty of assault with intent to rape.

For the reasons assigned, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*