THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ANTHONY V. SMITH, Defendant-Appellant.

Third District   No. 75-244

Opinion filed June 29, 1976.

Robert Agostinelli and Michael Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island (James Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Defendant Anthony Smith was found guilty by a jury of aggravated battery, and was acquitted of a related charge of attempted murder, in a

trial in the Circuit Court of Rock Island County. On the battery conviction he was sentenced to imprisonment for a term of 2 to 6 years. On appeal in this court, he argues that he was unfairly prejudiced by evidence of crimes other than those for which he was being tried, and by a reference of the prosecutor to an earlier and unsuccessful motion to suppress evidence.

From the record it is shown that defendant, after drinking alcoholic liquors most of the day on January 12, 1975, entered a tavern in Rock Island in the evening. He got into an argument in the tavern. The victim of the aggravated battery, Timothy Wales, testified that Smith pushed him into a booth and pulled a shotgun out of his pants leg and shot Wales in the leg. The bartender in the tavern testified that Smith then reloaded the gun saying, "I'm going to kill him. He's Mexican. I don't like Mexicans. I'm going to kill him." Wales did not hear this statement. Other bar patrons immediately subdued Smith and called the police.

Smith testified that there was an argument going on when he got into the bar. He admitted having the shotgun stuck down his pant leg, but said he was carrying the shotgun because he didn't want to risk having it stolen from his car. He claimed that some pushing started after he entered the premises, and that the gun fell out of his pants and accidentally discharged. He also said that he did not know the gun was loaded at the time.

During the case-in-chief by the State, police officers were permitted to testify, over defense objection, that Smith, at the police station, said "I'll get that son-of-a-bitch" (apparently referring to Wales) and then threatened the officers near him, eventually attacking them with his fists before being restrained.

This testimony was referred to again during the prosecution's rebuttal case and was reviewed by the prosecutor in both his closing and rebuttal arguments. Defendant here renews his contention, on this basis, that this was evidence of other crimes unrelated to the charges at hand and that it was reversible error for the trial court to allow the evidence before the jury.

It is a well-settled rule that evidence of other crimes, unrelated to the charges for which defendant is on trial, is inadmissible. *(People v. Gregory* (1961), 22 Ill. 2d 601, 603-606, 177 N.E.2d 120; *People v. Oden* (1960), 20 Ill. 2d 470, 481, 170 N.E.2d 582.) Where, however, a part of some testimony or portion of a statement or confession containing such evidence is admissible, it may be allowed into evidence providing that the inadmissible portion is struck. *People v. Oden* (1960), 20 Ill. 2d 470, 483, 170 N.E.2d 582; *People v. Cordes* (1945), 391 Ill. 47, 50, 62 N.E.2d 465.

■■ In this case, defendant does not dispute the State's contention that the comment of defendant to the police concerning Wales was admissible to show the element of intent for the attempted murder charge. Under the

rule just stated, however, we agree that the remainder of the evidence concerning defendant's threats to and struggle with the policemen should properly not have been before the jury, since it bore no relation to the alleged attack on Wales. The altercation with the officers did not seem to be part of the making of the statement about Wales.

■■ Given the positive evidence of eyewitnesses in the case, however, and defendant's rather implausible explanation of the incident, we find the evidence as a whole so overwhelmingly convincing of defendant's guilt, that we conclude that the error referred to is harmless.

Defendant also argues that he was prejudiced by the prosecutor's reference to a motion to suppress evidence which was filed by the defense and denied by the trial court. The reference took place during the following cross-examination of the defendant:

"Prosecutor: Do you recall when you were asked earlier last week, it was on Thursday last week, on the 6th day of March, 1975, you were asked by your attorney here, Mr. Collinson, at this courthouse, the Honorable John L. Poole was presiding, and I was in court, and we were there on motions to suppress evidence—

Mr. Collinson: Your Honor, just a second. I am going to move for mistrial at this time. I think this is highly improper to bring this sort of thing in front of the jury.

The Court: You may use this that it was on a previous pre-trial motion that we had. A regular pre-trial motion."

Defendant contends that the mention of the motion to suppress might cause the jury to speculate that some of the evidence in the case was being withheld from them, that is, evidence which would be, if anything, unfavorable to the defendant.

The cases cited by defendant, *People v. Gilmer* (1st Dist. 1969), 110 Ill. App. 2d 73, 249 N.E.2d 129, and *People v. Mwathery* (1st Dist. 1968), 103 Ill. App. 2d 114, 243 N.E.2d 429, suggest that it is improper for the State to make reference to incriminating evidence which has been suppressed by the trial court. We believe that it is a commendable rule designed to ensure the protection of the Fourth Amendment rights on which the suppression of evidence is based.

Defendant points out that it might be more damaging for the State to suggest that evidence has been suppressed when none in fact has, than where there really was incriminating evidence suppressed.

■■ In this case, however, we have just a passing and apparently inadvertent mention of the motion to suppress, and only because it was at a hearing on that motion that defendant made prior statements of which the prosecutor wished to inquire. The defense immediately objected and the trial court correctly informed the prosecutor to refrain from specifically mentioning the motion to suppress but made it appear that it

was a regular motion in the course of the trial. Under these circumstances we do not believe defendant was irreparably prejudiced in the eyes of the jury, if they, in fact, had even noticed the reference or attached any significance to it. An appropriate instruction to the jury might have been useful but was not offered by the defendant, and we believe it was actually unnecessary, given the minimal possibilities of prejudice from such reference.

Since we find no cause for a new trial in the reasons urged by defendant, the judgment of the trial court of Rock Island County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.