**Anthony Rena CHAMBERS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11529.**

District of Columbia Court of Appeals.

Argued Dec. 6, 1977.

Decided Feb. 17, 1978.

---

Richmond F. Allan, Washington, D. C., appointed by this court, for appellant.

Jonathan Lash, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Paul N. Murphy, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, GALLAGHER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant was convicted after a jury trial on September 16, 1976, of assault with a dangerous weapon, in violation of D.C.Code 1973, § 22–502. He was sentenced to three to nine years' imprisonment.

The facts can be stated briefly. On the evening of April 7, 1976, Viola Kelly, who rented a room in the home of Donald Felton in Northeast Washington, accused Felton of taking her watch. Following his denial and an ensuing argument, Kelly telephoned appellant at work. Appellant, a former tenant of Felton, had recently been staying at the latter's home. He was friendly with both Felton and Kelly.

Appellant soon arrived at the house and asked Felton about the watch. As the men began arguing, Felton suggested that they go upstairs to his bedroom so they could talk. Upstairs, the argument continued. Appellant momentarily went downstairs and returned, armed with a knife. Felton testified that appellant demanded the watch and threatened to cut his heart out. Appellant then stabbed Felton in the abdomen and the left side. Felton, struggling, hit appellant with a shoe and ran out of the house and onto the street. Soon after, appellant was arrested.

Appellant admitted stabbing Felton, but testified that he had done so in self-defense after Felton attacked him with a platform shoe.

This appeal presents two issues. First, did the trial court err in admitting, over defense objection, evidence of a crime other than that for which appellant was on trial? Second, did the trial court erroneously and prejudicially instruct the jury on the law of self-defense?

## I. OTHER CRIME EVIDENCE

Kelly testified that appellant had returned to the house after she called him at work to complain about her missing watch, and that when appellant entered the house, he immediately asked Felton where the watch was. On cross-examination, the prosecution asked if she had ever located the missing watch, and she responded affirmatively. She was then asked where the watch was found, and, after the trial court overruled defendant's objection, she replied that it had been found in appellant's bag, near the couch on which he slept.

Appellant argues that this testimony gave rise to the inference that he had stolen the watch and placed it in his bag. He maintains that this testimony was inadmissible because it prejudiced him in two ways. First, of course, it might have influenced

the jury to convict appellant of the assault because of the theft. Second, in a case in which there were no eyewitnesses and credibility was particularly important, this testimony cast doubt on appellant's veracity.

 It is well settled that evidence of other crimes is ordinarily inadmissible, because usually it is highly prejudicial.[1] In *Drew v. United States,* 118 U.S.App.D.C. 11, 331 F.2d 85 (1964), the court listed the following exceptions to this proscription:

> Evidence of other crimes is admissible when relevant to (1) *motive,* (2) *intent,* (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of the one tends to establish the other, and (5) the identity of the person charged with the commission of the crime on trial. When the evidence is relevant and important to one of these five issues, it is generally conceded that the prejudicial effect may be outweighed by the probative value. [*Id.* at 16, 331 F.2d at 90 (footnote omitted) (emphasis added).]

In *Wooten v. United States,* D.C.App., 285 A.2d 308, 309 (1971), we relied on *Drew, supra,* for the proposition that other crimes evidence may be relevant to establish motive or intent, "or in explaining the circumstances of the offense charged." *See also Day v. United States,* D.C.App., 360 A.2d 483 (1976).

 In the instant case, testimony that appellant was in possession of the watch bore directly on his motive and intent in confronting Felton and explained the circumstances of the assault. It suggested that appellant's accusation of Felton as the thief was knowingly false and that appellant's demeanor during their altercation was a charade.[2] This testimony undermined the claim that Felton was the aggressor and that appellant had acted only in self-defense. We hold that the testimony was relevant, and that its probative value far outweighed its prejudicial effect.[3]

## II. THE JURY INSTRUCTION

 Appellant contends that the trial court erroneously instructed the jury on self-defense, and that the attendant confusion worked substantial prejudice to him. Reference to the record belies this contention. The instruction was clear and correct. Indeed, defense counsel expressed satisfaction with the instructions given in this case, and his failure to object means we will reverse only if we find plain error. *Watts v. United States,* D.C.App., 362 A.2d 706 (1976) (en banc). We find no error, plain or otherwise.

Accordingly, the judgment is

*Affirmed.*

---

1. *See* 1 Wigmore, Evidence § 194 (3d ed. 1940); McCormick, Evidence § 190 (1972).

2. The government observes also that evidence that appellant had taken the watch cast doubt upon his self-portrayal as a friend trying calmly to assist Kelly.

3. We observe that appellant did not request, nor did the trial court provide, a cautionary jury instruction on the use of Kelly's "other crime" testimony. In *Wooten v. United States, supra,* we found that admission of testimony that appellant had raped the complaining witness was relevant to the charge of assault, and we noted that the prejudicial effect of such testimony was obviated by a cautionary jury instruction. While failure in the instant case to so instruct, sua sponte, was not error, we think such an instruction advisable under circumstances in which relevant testimony of this nature may seriously prejudice the defendant.