**STATE of Missouri, Plaintiff-Respondent,**

v.

**Paul W. QUIGLEY, Defendant-Appellant.**

**No. 11292.**

Missouri Court of Appeals, Southern District, Division Three.

Dec. 5, 1979.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 17, 1979.

---

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Michael A. Scearce, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

James R. Reynolds, Ford, Ford, Crow & Reynolds, Kennett, for defendant-appellant.

PREWITT, Judge.

Defendant appeals from convictions of two counts of assault without malice. § 559.190, RSMo 1969. Defendant was sentenced to three years on Count I and four years on Count II.

The charges arose from an incident which occurred on June 10, 1978 near a peach orchard operated by John and Carlton Stewart, five miles north of Campbell in Dunklin County, Missouri. A four-door 1970 or 1971 Oldsmobile entered a private road leading to Carlton Stewart's house that afternoon about 1:30. The vehicle was chocolate brown with a light colored top. Later, around 3:00 p. m., it was seen again in the area and there were two individuals in the car. One had "bushy" hair. The vehicle was seen there again about 4:15 p. m. with the same persons in it.

Carlton Stewart was awakened from a nap shortly after 8:00 p. m. and went to the door where a person later identified as Anthony Germanceri was at the door. Anthony pulled a gun and tried to enter the premises, but Carlton hit the barrel of the pistol with his arm and slammed the door. Anthony then fired into the lock and Carlton got a pistol and fired back several times. After the shots were exchanged, Anthony went back to the car and started to leave. On the passenger's side was a large fellow with "bushy" hair, later identified by Carlton Stewart as the defendant. As Stewart was opening the front door, a shotgun blast shattered the glass door. Anthony was driving and the shot came from the passenger's side of the vehicle. Stewart fired several shots at the vehicle as it left the area.

Defendant resided at Qulin, Missouri, 14 miles northwest of Campbell. On June 17, 1978, a 1971 four-door Oldsmobile which had been destroyed by fire, was found about 4 miles south of Qulin. The only paint remaining was a brown strip in the trunk. It was not possible to determine the color of the top of the car. No bullet holes were found in the automobile, although a small dent was located in the right rear fender. The Oldsmobile was registered to Anthony Germanceri. Defendant and Germanceri were seen together in the area near the date of the offense. Pictures of the burnt vehicle were identified by witnesses as being the car at the Stewart residence. Prior to trial, and at the trial, appellant admitted burning it. Defendant said he didn't know why he burnt the vehicle. He said it was given to him in St. Louis by a "bushy headed beatnik" who he couldn't identify further. When asked if it was to cover up evidence, he replied, "I don't know". Several witnesses testified that defendant was in St. Louis, Missouri when the shooting incident occurred.

Defendant has three claims of error. These will be considered in the order stated in defendant's brief. He first claims that the State's information was defective and untimely. On the day of trial, before any testimony was heard, the State was allowed to amend the information to add that defendant had previously been convicted of a felony and imprisoned in Arkansas. That conviction was admitted. Defendant objected to the amendment because of "its form and timeliness". Rule 24.02, V.A. M.R., provides that "The court may permit an information to be amended . . . at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." While the indictment might not be in perfect form, we believe it sufficiently apprised defendant of the facts of the offenses charged. No prejudice was shown due to the time that the amendment was allowed. The prosecutor stated that written notice of the motion to amend was given to defendant's counsel six days before the trial and that he had been orally advised of the amendment several days before that. Defendant's attorney acknowledged that this was correct. The amendment apparently made no change in the facts alleged in the two counts charged and did not charge any additional or different offense for which defendant was being tried. An amendment to add the second offender act does not charge an offense different from that originally charged. *State v. Shumate,* 516 S.W.2d 297, 299 (Mo.App.1974). No prejudice to defendant's substantial rights appears. Under these circumstances the trial court did not err in permitting the amendment. Point I is ruled against defendant.

Defendant's second point claims error in allowing evidence that defendant had burned the Oldsmobile, as it showed the commission of a crime unrelated to the offense charged. The general rule in this State is that proof of the commission of a separate crime is not admissible unless it has a legitimate tendency to directly establish the defendant's guilt of the crime charged. *State v. Dalton,* 587 S.W.2d 644, 645 (Mo.App.1979); *State v. Cheesebrew,* 575 S.W.2d 218, 222 (Mo.App.1978). The State did not attempt to show that the burning of the car constituted a crime.

However, even if we assume that burning alone might constitute a criminal offense or that the jury might have so inferred, the evidence would have been admissible. Evidence that an accused attempted to destroy evidence is always admissible as showing his consciousness of guilt. *State v. Smith*, 355 Mo. 59, 194 S.W.2d 905, 907 (1946); *State v. Hoyel*, 534 S.W.2d 266, 269 (Mo. App.1975). If evidence is logically pertinent in reasonably tending to prove a material fact, it is not rejected because it incidentally proves the defendant guilty of another crime. *State v. Burr*, 542 S.W.2d 527, 530 (Mo.App.1976). Undoubtedly, this evidence was harmful to the defense, not so much because any crime was involved in the burning, but because the evidence showed that this car was registered to Anthony Germanceri and was used in the crime charged. Defendant admitted burning it but never gave a satisfactory explanation why. That he attempted to destroy evidence has a legitimate tendency to establish defendant's guilt and is admissible. Point II is ruled against defendant.

Defendant's last point is that the trial court erred in allowing a deputy sheriff to testify to statements made by the defendant. This was said to be improper because the testimony was not known until the night before trial, and the testimony was so inconsistent and contrived as to make it impossible for proper findings on the issue of voluntariness to be made and that the court did not make proper findings that the statements were voluntary.

 The statements implicated defendant in a shooting near a Dunklin County orchard where he had once worked. At a hearing outside the presence of the jury, the deputy testified he read defendant his *"Miranda"* rights before the statements were made, and defendant said he understood them. There were no promises or threats and defendant voluntarily made the statements. Defendant denied he was advised of his rights or had made the statements. The burden was upon the State to show that the defendant was effectively advised of his rights and intelligently and understandingly waived them. *State v. Alewine*, 474 S.W.2d 848, 851 (Mo.1971). Voluntariness is for the State to prove by a preponderance of the evidence. *State v. Olds*, 569 S.W.2d 745, 751 (Mo. banc 1978). Although there were some slight inconsistencies in the deputy's testimony and evidence that he may have been prejudiced against defendant, his credibility was for the trial court to determine. *State v. Alewine*, supra, 474 S.W.2d at 852. Where evidence is conflicting, the admissibility of a confession is in the discretion of the trial court. *State v. James*, 562 S.W.2d 185, 187 (Mo.App.1978). The trial court found that prior to the time the statements were made, the defendant was advised of his constitutional rights and that he knowingly and intelligently waived those rights and voluntarily made the statements without any threats or promises. These findings were sufficient. *Evans v. United States*, 375 F.2d 355, 360 (8th Cir. 1967). The time that the prosecuting attorney learned of the statements and notified defendant's counsel is not shown to have prejudiced defendant. Point III is ruled against defendant.

Our examination of the record indicates that no error, plain or otherwise, occurred which affected defendant's substantial rights.

The judgment is affirmed.

All concur.