THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL D. LENSER, Defendant-Appellant.

Third District    No. 80-168

Opinion filed September 30, 1981.—Rehearings denied January 4 and January 18, 1982.—Modified opinion filed January 14, 1982.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of Ottawa, for the People.

JUSTICE BARRY delivered the opinion of the court:

Upon defendant's petition for rehearing, we have re-examined our initial opinion, and our revised opinion follows.

Following a jury trial in the circuit court of Rock Island County, Michael D. Lenser was convicted of murder. He was sentenced to a term of imprisonment of 36 years. The defendant stabbed to death Leo J. Vallejo on August 26, 1976, in Vallejo's Rock Island, Illinois, apartment. Lenser confessed to the crime and repeated his inculpatory statements at the trial when he testified in his own behalf.

Prior to the stabbing, the defendant and the victim had been drinking at Augie's Tavern in Rock Island. The bartender, Ed Kasenberg, testified that the defendant and Vallejo were in the tavern twice on August 25, 1979, once at 10 or 10:30 a.m. for 1½ hours, and returned again at 2 p.m. He testified that both men consumed 10 to 12 beers, and that, while Vallejo had trouble walking, the defendant did not appear to be drunk. Following this drinking spree the defendant and Vallejo again went to the latter's apartment, where they spent the night. (Defendant and Vallejo had had a homosexual encounter the evening before and again the next morning.)

Defendant testified that he fell asleep in a chair in the living room and when he awoke his pants were down around his ankles. Thinking that Vallejo had performed a homosexual act upon him, he went to the kitchen, grabbed a knife, and stabbed the sleeping Vallejo in the abdomen.

■■ Defendant's first contention of error is that the trial court improperly admitted evidence of other crimes through the testimony of Ed Kasenberg. Kasenberg had testified that while they were in Augie's there was trouble over the speed of service and the volume level of the juke box. Kasenberg stated that he told the pair to finish their beers and leave. The defendant then allegedly threatened Kasenberg with physical harm. Kasenberg then called the police. Defendant and Vallejo left shortly thereafter, voluntarily, and Kasenberg called the police again and told them not to come. The defendant objected generally to this portion of Kasenberg's testimony, but did not specifically raise this issue by objection nor in his post-trial motion. Accordingly, the State argues that the issue has been waived on appeal. However, the defendant made an oral post-trial motion, and the State made no objection to the motion not being in writing. When the defendant makes a nonspecific oral motion for new trial which is not objected to by the State, the defendant is not precluded on appeal from raising any errors which might appear in the record, even though not specified in the oral post-trial motion. (*People v. Whitehead* (1966), 35 Ill. 2d 501, 221 N.E.2d 256.) Therefore we have considered the defendant's claim of error on its merits. Subject to limited exceptions, evidence of other crimes and specific bad acts unrelated to the charge for which defendant is on trial is inadmissible because of the prejudicial effect upon the jury. *People v. Smith* (1976), 39 Ill. App. 3d 732, 350 N.E.2d 791.

The defendant argues that, while the conduct revealed by Kasenberg's testimony may not constitute evidence of crimes, it is nonetheless evidence of the type of conduct that is prejudicial because it implies that the defendant is a bad man and that he probably, therefore, committed the crime in question. The trial judge, in overruling the defendant's objection to admission of the testimony ascertained that the incident with Kasenberg occurred within *several hours of the homicide*. The trial judge thereafter stated as follows: "I would think the evidence is relevant to show the condition of the defendant at that time. This witness has already testified as to his opinion as to the intoxication of the defendant. I think any evidence along this line is relevant."

■■ The defendant urges that the testimony is not relevant to intent, which is an exception to the general rule of inadmissibility; and, since the testimony does not fit into any of the other exceptions recognized in Illinois case law—knowledge, motive, design, plan or identification—its

admission would be reversible error. See *People v. Lindgren* (1980), 79 Ill. 2d 129, 137, 402 N.E.2d 238, 244.

As a general rule the trial judge has discretion in determining whether or not evidence is admissible at trial. The trial court's determination will, however, be reversed on appeal if an abuse of discretion has been shown. Therefore, where evidence of the defendant's specific bad acts is introduced in the State's case in chief and is relevant to intent, the State's need to introduce the evidence should be balanced against the possible prejudicial effect that such evidence would have on the jury. In the instant case, ample evidence was adduced to show that the defendant had been drinking heavily during the day prior to Vallejo's death. Careful examination of the record reveals that the degree of the defendant's intoxication was relevant to the element of criminal intent.

The State had charged that the defendant had committed murder in that he, without lawful justification and *with the intent to kill* Vallejo, had stabbed Vallejo with a knife, thereby causing his death. (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(1).) At trial, the defendant presented an intoxication defense, and in fact testified that he had blacked out from consuming so much alcohol during the afternoon prior to the crime. The jury was properly instructed that "[a]n intoxicated person is criminally responsible for his conduct unless his intoxication renders him incapable of acting knowingly."

Where, as here, a specific intent crime is charged and the element of intent can be negated by a sufficient showing of the defendant's intoxication, then the facts and circumstances surrounding events occurring prior to the offense charged and bearing on the defendant's intoxication are relevant to the State's proof of intent. The incident related by Kasenberg evinces a certain belligerence and use of abusive language after prolonged drinking. The testimony had relevance to the foundation for Kasenberg's opinion about whether or not the defendant was drunk. The defendant's conduct was probative of the degree of impairment of his reasoning faculties resulting from consumption of alcohol within hours of the charged offense. Rather than tending *merely* to show the jury that the defendant was a bad man, the evidence tended to show that the defendant in Vallejo's company had attained a certain degree of intoxication at a time and place sufficiently connected to the crime charged to be admissible at trial on the issue of intent.

Balancing the State's need to define the defendant's mental state at a time close to the crime against the potentially prejudicial effect of Kasenberg's testimony on the jury, we do not find that the trial judge abused his discretion in overruling the defendant's objection to its admission. Accordingly, the admission of this testimony at trial was not erroneous.

■■ The second issue raised in this appeal is whether the defendant was denied a fair trial because of the prosecutor's allegedly improper comments during closing arguments. The defendant has categorized the prosecutor's allegedly improper comments into three groups, (1) misstating the evidence, (2) arguing that police reports were in the possession of defense counsel and were corroborative of police officers' testimony, and (3) referring to the defendant as a liar. At the outset, we note the defendant failed to object to any of the claimed improper comments except in one instance. Though the defendant's lack of objection would normally waive this issue on appeal, we will consider the issue, as it was presented by the oral post-trial motion as earlier indicated. However, we call attention to the fact that had the defendant more properly preserved the record by objecting during closing argument, the trial court could have minimized or even eliminated any alleged error by striking the objectionable comments and instructing the jury thereon. We further note that the defendant did not offer any instruction in an attempt to cure such alleged errors. We have reviewed the allegedly objectionable remarks of the prosecutor and considered applicability of the authorities cited to us and authorities otherwise, and determine, in light of the overwhelming evidence of guilt, that the error in those comments, if any, is harmless beyond a reasonable doubt.[1]

As an alternative argument, defendant urges that we should review the allegedly improper comments of the prosecutor as plain error under Supreme Court Rule 615(a). However, we do not agree with the defendant that the prosecutor's complained of comments rise to the level of plain error. "In order to warrant a reversal it should be shown that the statement or statements considering all the evidence of guilt was a material factor in the conviction and the verdict would have been otherwise if the statement hadn't been made." (*People v. Simmons* (1974), 21 Ill. App. 3d 310, 312, 315 N.E.2d 226, 228.) In the case before us the defendant confessed to the killing of Vallejo before the trial and, in substantial part, again confessed to the killing when he took the witness stand in his own defense. The alternative argument is without merit.

■■ The third issue presented for our review is whether the jury instructions on the offenses of murder and voluntary manslaughter were improper. The defendant offered the Illinois Pattern Jury Instructions on murder and voluntary manslaughter. Both were given to the jury and the defendant now contends that the State had the burden of negating the

---

[1] The one comment that was objected to concerned a statement by the prosecutor that after the stabbing of the victim the defendant burned his clothes. Following the objection the State corrected its statement by immediately confessing the error and stating " 'I hide them.' Excuse me! 'I go and hide my clothes.' " The error in misstating the evidence objected to was rather obviously inadvertent and was immediately corrected, thus undoing any harm the comment might have caused.

element of a sudden and intense passion resulting from serious provocation, beyond a reasonable doubt as set forth in the elements of the offense of voluntary manslaughter in order to convict of murder. The defendant bases his argument upon the cases of *Patterson v. New York* (1977), 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319, and *Mullaney v. Wilbur* (1975), 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881. However we emphasize that it was *the defendant* that tendered the issues instructions on voluntary manslaughter and murder of which he now complains. Also, the defendant failed to tender an instruction embodying the law he now argues on appeal. We therefore reject the argument, as it is well settled that a defendant may not complain of defects in instructions which were given at his request. (*People v. Riley* (1964), 31 Ill. 2d 490, 202 N.E.2d 531.) This precise issue was also held to have been waived in *People v. Foster* (1976), 43 Ill. App. 3d 490, 356 N.E.2d 1288, under very analogous circumstances. We also believe that the limited exception to the waiver rule contained in Supreme Court Rule 451(c) is not applicable to the facts of this case because the alleged error is not a grave one requiring correction under the facts and circumstances of this case, nor is this a close case factually. *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 415 N.E.2d 1027.

■■ The final issue on appeal is whether the trial court imposed an excessive sentence. The argument of the defendant is that the trial court handed down the allegedly excessive sentence of 36 years in the belief that the defendant's conduct was brutal and heinous. This argument is based upon the following statement made by the trial judge during sentencing:

> "One other question, I think, which I was faced with in preparing for this hearing today, was the question of what the appropriate penalty would be. It is very clear that Mr. Lenser does not fall into any of the classifications under Subsec. (b) of the Murder Act which could provide for a mandatory life sentence; but there is a question whether this murder was accompanied by exceptionally brutal or heinous behavior. I don't think that it was that serious in terms of requiring that a term of natural life imprisonment be required; so therefore, the Court will find that it does not fall within that category; and the penalty will be within the range of 20 to 40 years, as both of the gentlemen have argued to the Court at this time."

The statement, read in context, does not support the defense position. The language is clear and indicates that the trial court did not find that Lenser's actions in perpetrating the crime to be brutal and heinous. The statement is a reference to section 5—8—1(a)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(1)), which provides that the term of imprisonment for murder shall be from 20 to 40

years *unless* the court finds that the murder was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. The trial court obviously viewed the actions of defendant as serious, but not necessarily brutal and heinous.

Lastly, the defendant has filed a letter with exhibits attached with this court stating a disagreement with his appointed appellate counsel on other issues the defendant wished presented to us. Subsequently, defense counsel filed a motion to withdraw which we have denied. We find the additional issues raised by defendant in his pro se filing to be utterly without merit, and therefore the same will not be addressed in this opinion.

For the reasons stated, the judgment of conviction and the sentence imposed thereof by the circuit court of Rock Island County are affirmed.

Judgment affirmed.

SCOTT, P. J., and ALLOY, J., concur.