STATE of Missouri, Respondent,

v.

Thomas Wesley MADDOX, Appellant.

No. 45949.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 30, 1983.

Robert J. Maurer, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of second degree burglary and stealing property worth more than $150 and two consecutive 10 year terms imposed on him as a persistent offender by the court. The terms were also consecutive to other terms of imprisonment in unrelated cases. We reverse and remand.

No challenge to the sufficiency of the evidence is raised so a brief recitation of the facts will suffice. On July 18, 1981, the victim's home in Concord Village was burglarized and $4,000 worth of property stolen. Three unidentified persons were seen leaving the premises, apparently carrying things. A block and a half away three individuals were seen crossing through a yard, carrying a duffel bag and suitcase. When an automobile came down the street the three attempted to conceal themselves. This was observed by three residents of the neighborhood who then approached the three unidentified persons. One of those persons immediately fled carrying the suitcase. The three neighbors grabbed the second individual. He gave them a reason for being in the neighborhood and was released and promptly left the area. He was subsequently identified as defendant in a lineup and at trial, positively by one of the neighbors and less positively by the other two. The third man was found behind an evergreen tree by the neighbors. He threatened them and then ran. He was apprehended by one of the neighbors who was stabbed by the third man during the apprehension. The third man was Charles Chambers, a brother-in-law of defendant. A duffel bag was found near the evergreen. It contained property belonging to the burglary victim. Also found in the vicinity were a pair of ordinary jersey work gloves and a penlight flashlight. A pair of similar gloves was found on Chambers.

■ Defendant's first point concerns evidence adduced about the arrest of defendant on October 2, 1981, in Creve Coeur while in the company of Charles Chambers. The prosecutor was allowed to develop that defendant was stopped by a policeman at that time and place, that he was in the presence of Chambers, that fifty feet away the officer subsequently found two pair of jersey gloves and two penlight flashlights, and that at the time of the stop defendant gave a fictitious name. The gloves, flashlight and an aerial photograph of the area were admitted into evidence. The state agreed with the court not to present evidence that the "stop" was in fact an arrest for a burglary nearby.

The entire occurrence on October 2, 1981, was immaterial and irrelevant to the crime for which defendant was on trial and its admission was erroneous. The only purpose of such testimony was to convince a jury that defendant's association with his brother-in-law two and one-half months later, at a place several miles away, established his participation with Chambers in the burglary for which he was on trial. It presented a classic case of attempting to prove guilt by association. While remoteness normally affects the weight rather than admissibility of evidence, this evidence was so remote as to have no materiality. *State v. Feger,* 340 S.W.2d 716 (Mo.1960) [17–20]. The items discovered at both scenes are common everyday items. They were not tied at all to either Chambers or defendant at the Creve Coeur site except for being found fifty feet away from them. That does not place the items in their possession. Nor was there evidence that defendant was in possession of such items at the Concord Village site, although it was established that Chambers was. If the prosecution was attempting to establish that the gloves and flashlights were burglar tools, the evidence also runs into conflict with the rule of law prohibiting evidence of other crimes, except for certain purposes which are not present here. *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304 (1954) [1, 2]. Possession (which was not shown) of gloves and flashlights in October does not tend to establish such possession in July. *State v. Reed,* 447 S.W.2d 533 (Mo.1969) [1, 2].

■ We are also not prepared to say that defendant's use of a fictitious name two and one-half months after the burglary at a distant location is evidence of guilt of the burglary in Concord Village. Circumstances surrounding a defendant's arrest are relevant and admissible when they tend to establish flight or concealment. *State v. Hamilton,* 569 S.W.2d 24 (Mo.App.1978) [1, 2]. But the evidence as presented to the jury did not reveal that defendant's concealment occurred in connection with his arrest. It showed only that two and one-half months after the Concord Village burglary defendant used a fictitious name at a distant location when stopped by a police officer for some unexplained reason. The evidence is simply too remote in time and place to be relevant to the crime for which defendant was on trial.

■ The erroneous admission of evidence is presumed prejudicial and may not be considered harmless unless it is so without question. *State v. Wright,* 582 S.W.2d 275 (Mo. banc 1979) [2]. We find no basis here for overcoming that presumption. Identification of defendant at the Concord Village location was the key issue at trial. The identification by two of the eyewitnesses was less than positive. The evidence of the Creve Coeur occurrence was utilized to bolster the identification of defendant and may have led a jury to conclude that if defendant was with Chambers in Creve Coeur he must have been with him in Concord Village.

We have reviewed defendant's other contentions of error and find either that they are unlikely to arise on retrial or that no error was committed.

Judgment reversed and cause remanded for new trial.

PUDLOWSKI, P.J., and KELLY, J., concur.