**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Gary Leon BROWN,
Defendant-Appellant.**

**No. 13388.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 24, 1984.

Motion for Rehearing Overruled and
Transfer to Supreme Court Denied
May 9, 1984.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Public Defender Com'n, Joplin, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted, following jury trial, of burglary in the second degree, and sentenced as a persistent offender to fifteen years' imprisonment. Defendant was arrested inside a building that had been broken into a few minutes before. His primary defense was that he was too intoxicated to have the necessary mental state to commit the crime. See § 562.076.1(1), RSMo 1978. This defense was submitted to the jury by MAI–CR2d 3.30.1.

On appeal defendant contends that the trial court erred in allowing testimony of an arresting officer that approximately twenty minutes after he was arrested defendant said he was on parole. Defendant claims this was improper because it was evidence that he had committed another crime. The arresting officer stated:

> "Through just talking back and forth, he told me that he fucked up, and I said, 'Well, what do you mean?' and he said, 'I go to school now, at Franklin Tech,' and we talked about Franklin Tech because at the time I was going to school, too. We discussed what he was doing, his wife—he got married, I think at that time he said five months earlier, I don't remember for sure, his wife is pregnant now; he mentioned that he was on parole; he said he was good up to now, but he was just around the wrong group, he didn't have really the intentions of going and doing what he had done, but he just—he hangs around with the wrong kind of guys, because normally he wouldn't do this by himself, it wouldn't be his idea."

Before the conversation was related to the jury defendant objected to the entire conversation and also specifically to the reference to him being on parole. As a part of the objections defendant's counsel requested that if the conversation was generally to be allowed that the reference to parole be excluded.

In its brief the state contends that the testimony was admissible as it showed that defendant "was not so intoxicated so as not to understand the criminality of his conduct" and "was introduced to show that the appellant knew and understood that he entered the building unlawfully and that he acted with the purpose to steal."

In his closing argument the prosecuting attorney argued that the mention of parole showed that the defendant knew he had done something wrong. The prosecuting attorney stated of the defendant: "What did he say? 'I fucked up.' Policeman says, 'How?' 'I'm on parole, I've been good up to now, but I'm on parole and I fucked up. I didn't mean to get in this situation, but I've been running with a bad crowd.'" Several other references to the same effect were made in closing argument by the prosecutor.

■ The reference to parole would indicate to the jury that defendant had earlier been convicted of a crime. No other conclusion has been suggested to us. Proof of the commission of a separate crime is not admissible unless it has a legitimate tendency to directly establish defendant's guilt of the crime charged. *State v. Quigley*, 591 S.W.2d 740, 742 (Mo.App.1979). See also *State v. Hodge*, 655 S.W.2d 738, 744 (Mo.App.1983).

■ The reason for this is that evidence of other crimes, unless related to that for which the defendant is being tried, violates his right to be tried only for the offense for which he is charged. *State v. Wright*, 582 S.W.2d 275, 277 (Mo. banc 1979). If erroneously admitted, evidence of other crimes is presumed to be prejudicial. *State v. Maddox*, 657 S.W.2d 719, 721 (Mo. App.1983). Caution should be exercised regarding such evidence because of its tendency to cause an improper presumption of guilt in the minds of the jurors. *State v. Carter*, 475 S.W.2d 85, 88 (Mo.1972). If there is not a clear connection between another crime and the crime charged, the defendant should be given the benefit of the doubt and the evidence not allowed. *Id.*

Of course, each case is different. Evidence in somewhat similar cases has been allowed, *United States v. Smith*, 552 F.2d 257, 260 (8th Cir.1977); *Chambers v. United States*, 383 A.2d 343, 345 (D.C.App. 1978); *People v. Lenser*, 102 Ill.App.3d 214, 58 Ill.Dec. 463, 430 N.E.2d 495, 496–498 (1982), and disallowed, *Davis v. United States*, 413 F.2d 1226, 1229–1230 (5th Cir. 1969).

 The state wanted to show that at the time he did it defendant realized that breaking into the building was wrong. The reference to parole apparently limits the statement he had been "good up to now" to the period since he was placed on parole. Absent the officer mentioning parole it would appear he was saying that he had always been "good". Either way the inference is there that at the time he was talking to the officer defendant knew that breaking into the building was wrong and he entered with an improper purpose. Defendant's conversation with the officer could have been shown without reference to parole without diluting what the state wished to show. There was ample other information in the conversation that showed the condition of defendant's mind.

In *Carter* the court held that evidence of a prior crime offered to establish the identity of the person charged, should have been limited to showing that there was a conversation but not its substance. Here, we think the substance of the conversation could have been given without the necessity of mentioning defendant saying he was on parole.

Showing that defendant had previously been convicted made it more likely that he would be convicted here and added little, if anything, properly relevant, to the evidence. *State v. Carter*, supra, tells us that its relevancy has to be weighed with the prejudice occurring to the defendant. Here the prejudice to the defendant outweighs the only slight indication, at best, that it may give that defendant acted with the required purpose some twenty minutes earlier. If it adds anything, what it adds is outweighed by its possible prejudice in putting an improper consideration before the jury.

The judgment is reversed and the cause remanded for a new trial.

MAUS, P.J., concurs and files concurring opinion.

HOGAN, J., concurs.

MAUS, Presiding Judge, concurring.

I concur. However, I do not find it is necessary to determine if the defendant's statement of recognition he was on parole is admissible upon the issue of the degree of his intoxication. The state impermissibly over-emphasized and used this statement to create prejudice against the defendant. Compare *State v. Nickens*, 403 S.W.2d 582 (Mo. banc 1966); *State v. Willis*, 602 S.W.2d 9 (Mo.App.1980); MAI–CR2d 3.60.